Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Hengameh S. Safaei, Bar No. 248048
hsafaei@lcwlegal.com
Jessica R. Frier, Bar No. 268077
jfrier@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone: 310.981.2000
Facsimile: 310.337.0837

Attorneys for Defendants
CITY OF LOS ANGELES, ERIC GARCETTI, RICHARD LLEWELLYN, MIKE FEUER, DELIA IBARRA, ANDREW GLAZIER, STEVE FAZIO, JIMMIE WOODS-GRAY, JIMMY HARA, M.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN

| | |
|---|---|
| STEPHEN MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.<br><br>    Defendants. | Case No.: 2:13-cv-05148-GW-CW<br><br>Complaint Filed:  July 17, 2013<br>FAC Filed:  August 27, 2013<br>SAC Filed:  November 8, 2013<br>TAC Filed:  April 4, 2014<br>4th Amended Complaint: June 16, 2014<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Request for Judicial Notice and [Proposed] Order Filed Concurrently]<br><br>Date:  July 24, 2014<br>Time:  8:30 a.m.<br>COURTROOM:  10 |

829901.3  LO160-045

**PLEASE TAKE NOTICE** that on July 24, 2014 at 8:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 10 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, defendants Eric Garcetti ("Garcetti"), Richard Llewellyn ("Llewellyn") and Mike Feuer ("Feuer" and together with Garcetti and Llewellyn, "Defendants") will, and hereby do, move to dismiss plaintiff Stephen Miller's ("Plaintiff") Fourth Amended Complaint ("FAC") with prejudice on the following grounds:

1. Plaintiff's section 1983 claim against Defendants fails because there is no causal connection between any adverse employment action that Plaintiff suffered and the conduct of these Defendants; and

2. Plaintiff's section 1983 claim fails against these Defendants fails because Defendants have qualified immunity.

In accordance with Central District Local Rule 7-3, on June 23, 2014, Defendants' counsel conferred with Plaintiff's counsel regarding the substance of Defendants' contemplated Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Civil Procedure 12(e), defendant City of Los Angeles ("City") will, and hereby does, move for a more definite statement as to Miller's fourth claim titled "Violation of Title VII/FEHA."

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e) and 12(g) and is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, Defendants' Request for Judicial Notice and [Proposed] Order filed concurrently, all of the pleadings and papers on file herein, and upon any further evidence or argument that may be properly presented at or before the hearing on this Motion.

|   |   |
|---|---|
| Dated: June 30, 2014 | Respectfully submitted, |
|   | LIEBERT CASSIDY WHITMORE |
|   | By: */s/ Brian P. Walter* |
|   | Brian P. Walter |
|   | Hengameh S. Safaei |
|   | Jessica R. Frier |
|   | Attorneys for Defendants |
|   | CITY OF LOS ANGELES, ERIC GARCETTI, RICHARD LLEWELLYN, MIKE FEUER, DELIA IBARRA, ANDREW GLAZIER, STEVE FAZIO, JIMMIE WOODS-GRAY, JIMMY HARA, M.D. |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................... 1

II.  STATEMENT OF RELEVANT ALLEGATIONS ....................................... 3

III. LEGAL STANDARD ..................................................................................... 5

IV.  DISCUSSION ................................................................................................. 5

    A.   Plaintiff's Section 1983 Claim Fails Because There is No Causal Connection Between an Adverse Employment Action And The Conduct of Defendants. ............................................... 5

        1.   Miller's Allegations Against Garcetti and Llewellyn. ................................................................................. 6

        2.   Miller's Allegations Against Feuer. ........................................... 7

    B.   Plaintiff's Section 1983 Claim Fails Because Defendants Have Qualified Immunity. ................................................................. 8

    C.   Plaintiff's "Violation of Title VII/FEHA" Claim Against The City is Improper. ....................................................................... 12

V.   CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

**State Cases**

*Fitzsimons v. California Emergency Physicians Medical Group,*
  205 Cal.App.4th 1423 (2012) ............................................................................. 13

*State Dept. of Health Services v. Superior Court,*
  31 Cal.4th 1026 (2003) ....................................................................................... 12

**Federal Cases**

*Anderson v. Creighton,*
  483 U.S. 635 (1987) ............................................................................................ 10

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .......................................................................................... 6, 7

*Baker v. Racansky,*
  887 F.2d 183 (9th Cir. 1989) .............................................................................. 10

*Balistreri v. Pacifica Police Dept.,*
  901 F.2d 696 (9th Cir. 1988) ................................................................................ 5

*Barren v. Harrington,* 1
  52 F.3d 1193 (9th Cir. 1998) ................................................................................ 5

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .............................................................................................. 6

*Brewster v. Board of Education,*
  149 F.3d 971 (9th Cir. 1988) ................................................................... 9, 10, 11

*C.F. v. Capistrano Unified School Dist.,*
  656 F.Supp.2d 1190 (C.D. Cal. 2009) ................................................................ 11

*Connick v. Myers,*
  461 U.S. 138 (1983) ............................................................................................ 10

*Famolare, Inc. v. Edison Bros. Stores, Inc.,*
  525 F. Supp. 940 (E.D. Cal. 1981) ..................................................................... 12

*Graham v. Connor,*
  490 U.S. 386 (1989) .............................................................................................. 6

*Harlow v. Fitzgerald,*
  457 U.S. 800 (1982) ......................................................................................... 8, 10

*Jones v. Williams,*
  297 F.3d 930 (9th Cir. 2002) ................................................................................ 5

*Linkenhoker v. Rupf,*
  2007 WL 404783 (N.D. Cal. Feb. 2, 2007, C06-05432) ................................... 13

*Papillon v. San Francisco Unified School District*,
   No. C 12-01847 (N.D. Cal. October 12, 2012) .........................................2, 12, 13

*Pareto v. FDIC*,
   139 F.3d 696 (9th Cir. 1998) ....................................................................................7

*Pearson v. Callahan*,
   555 U.S. 223, 129 S. Ct. 808 (2009) ........................................................................9

*Pickering v. Board of Education*,
   391 U.S. 563 (1968) ...............................................................................................10

*Rinker v. Napa County*,
   831 F.2d 829 (9th Cir. 1987) ....................................................................................5

*Saucier v. Katz*,
   533 U.S. 194 (2001) ...........................................................................................9, 10

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ....................................................................................5

*Western Mining Council v. Watt*,
   643 F.3d 618 (9th Cir. 1981) ....................................................................................5

**Federal Statutes**

Fed. R. Civ. Proc. 12(b)(6) ..............................................................................1, 2, 5

Fed. R. Civ. Proc. 12(e) ........................................................................................3, 12

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants Eric Garcetti ("Garcetti"), Richard Llewellyn ("Llewellyn"), and Mike Feuer ("Feuer" and together with Garcetti and Llewellyn, "Defendants") move to dismiss plaintiff Stephen Miller's Fourth Amended Complaint ("FAC") on the ground that Miller fails to state any claim upon which relief can be granted against these Defendants.  Fed. R. Civ. Proc. 12(b)(6).  Miller's sole claim against these Defendants is for free speech retaliation in violation of 42 U.S.C. section 1983.  (FAC ¶¶ 63-80.)  This claim is deficient and fails as a matter of law because there is no causal connection between any adverse employment action that Miller suffered and the conduct of these Defendants.  Additionally, Miller's claim fails because Defendants possess qualified immunity.

Defendants Garcetti and Llewellyn work in the Mayor's Office.  Garcetti was elected Mayor of the City of Los Angeles and took office on July 1, 2013.  (FAC ¶ 6.)  Llewellyn currently acts as counsel to Garcetti.  (*Id*. ¶ 7.)  Defendant Feuer works in the City Attorney's Office.  He took office as the elected City Attorney on July 1, 2013.  (*Id*. ¶ 8.)

The essence of Miller's claims is that the City Attorney's Office gave the Fire Commission bad advice.  When the City Attorney's Office refused to change this advice, Miller engaged in a relentless barrage of attacks on the City Attorney's Office and the persons in the office who rendered the advice.  The City and the employees of the City Attorney's Office cannot be liable under either state or federal law for providing legal advice to their client, the City, even if Miller believes the advice was wrong.

Plaintiff Miller was the first Independent Assessor ("IA") for the Los Angeles Fire Department.  He was appointed to this position in October 2009 and, pursuant to the City Charter, reported directly to the Board of Fire Commissioners.  (FAC, ¶ 19; RJN, Exh. 1.)  His official duties included, *inter alia*, auditing and

1  assessing the Fire Department's handling of disciplinary matters.  (FAC ¶ 16; RJN,
2  Exh. 1.)  Following Miller's appointment, questions arose regarding the IA's ability
3  to access confidential personnel records of Fire Department employees.  (FAC ¶
4  21.)  In response to a request from Miller for legal advice, the City Attorney's
5  Office provided a written legal opinion in August 2010, concluding that the IA was
6  not entitled to access such documents.  (*Id*. ¶¶ 25-26.)

7       Miller did not like this advice.  He relentlessly sought to change the City
8  Attorney's advice and engaged in an aggressive campaign of attacking the actions
9  of the City's attorneys whom he claims are responsible for that advice.  Miller
10 claims the City Attorney's advice, and Defendants' conduct relating to that advice,
11 constitute acts of retaliation against him for his alleged protected speech, including
12 his criticism of the City Attorney's legal services in an *Assessment* he published as
13 the IA in March 2010.  (FAC ¶¶ 22, 33, 39, 41, 44, 59, 64(a), 66, 82.)  He contends
14 that Defendants' conduct amounts to an adverse employment action because it
15 prevented Miller from fully performing his job duties as the IA.  (*Id*. ¶ 70.)  On
16 October 15, 2013, Miller's employment as the IA was terminated.  (*Id.* ¶ 59.)

17      As discussed below, Miller's section 1983 claim against Defendants fails as a
18 matter of law and should be dismissed with prejudice because despite repeated
19 attempts to formulate a claim, Miller has not – and cannot – state facts sufficient to
20 state a viable section 1983 claim against these Defendants.  Therefore, and as
21 further discussed below, Defendants' Motion should be granted.  Fed. R. Civ. P.
22 12(b)(6).

23      Finally, Miller's attempt to plead Title VII and FEHA together under one
24 claim is improper.  Title VII and FEHA are two distinct claims with different
25 statutory provisions.  To avoid confusion, they should be alleged in separate claims.
26 *Papillon v. San Francisco Unified School District*, No. C 12-01847 (N.D. Cal.
27 October 12, 2012) (ordering plaintiff to "allege her Title VII and FEHA claims in
28 separate causes of action, rather than together as she did in her Complaint").  The

829901.3  LO160-045

2

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

City's motion for a more definite statement as to Plaintiff's "Violation of Title VII/FEHA" claim should be granted. Fed. R. Civ. Proc. 12(e).

## II. STATEMENT OF RELEVANT ALLEGATIONS[1]

In March 2009, the City of Los Angeles amended its City Charter to create an "Independent Assessor" ("IA") position for the Los Angeles Fire Department. (FAC ¶ 16.) The Board of Fire Commissioners appointed Miller as the first IA in October 2009. (*Id*. ¶ 19.) Pursuant to the Charter, the IA reports directly to the Fire Commission, which, pursuant to the Charter, has exclusive authority over the IA. (RJN, Exhs. 2 & 3.) The duties of the IA are set forth in the Charter and include, *inter alia*, auditing and assessing the Fire Department's handling of disciplinary matters. (FAC ¶ 16; RJN, Exh. 1.)

After his appointment, Miller conducted an audit and in March 2010, published an *Assessment of the Department's Disciplinary Process and Professional Standards Division* (the "*Assessment*"). (FAC ¶ 22.) The cover page of the *Assessment* displays the City's and Fire Department's official emblems and states that it was "Conducted by the **OFFICE OF THE INDEPENDENT ASSESSOR**." Among other things, the *Assessment* criticized legal services provided by the City Attorney's Office with respect to the handling of Fire Department disciplinary matters. (RJN, Exh. 5.)

Following his appointment as the IA, questions arose regarding the Miller's ability to access confidential personnel records of Fire Department employees. (FAC ¶¶ 21, 23). On or about June 3, 2010, Miller requested advice from the City Attorney's Office concerning the reporting of disciplinary matters. (RJN, Exh. 6.) On August 23, 2010, the City Attorney's Office provided the Board of Fire Commissioners and Miller a 17-page legal opinion on the issue, concluding that Miller was not entitled to access such records due to confidentiality concerns.

---

[1] Defendants recite the allegation in the FAC solely for purposes of this Motion. Defendants do not admit or adopt any of those allegations as true.

(FAC ¶ 25.) The opinion was authored by City Attorneys Zna Houston and Vivienne Swanigan. (*Id.*)

Miller goes to great length to challenge the City Attorney's August 23, 2010 opinion, which he contends is false, inaccurate and inconsistent with other internal and external legal opinions. (FAC ¶¶ 26-30.) Miller contends the City Attorney's advice, and the conduct of the Defendants following that advice, constitute acts of retaliation against him for his protected speech, including his criticism of the City Attorney's legal services in his *Assessment*. (*Id.* ¶¶ 22, 33, 39, 41, 44, 59, 64(a), 66, 82.) He contends that such conduct amounts to an adverse employment action because it prevented Miller from fully performing his job duties as the IA. (*Id.* ¶ 70.)

In October 2013, the Fire Commission voted to terminate Miller as the IA. (FAC ¶ 59.) Miller alleges that he "believes Garcetti and Llewellyn ordered Ibarra and Glazier and others to direct all Fire Commissioners to terminate [his] employment because Miller filed complaints with the State Bar and other governmental agencies alleging that City attorneys violated state and federal law, lodged complaints with Feuer, presented repeated tort claims, filed a charge of discrimination with the EEOC and DFEH and filed his federal lawsuit (this action)." (*Id.*) Miller further alleges that all defendants "caused or contributed to each of the adverse employment action as described herein" by way of a "civil conspiracy . . . for the intended purpose . . . of causing all of the adverse employment actions to Miller," and that "each of the defendants was the direct cause of each of the adverse actions described herein." (*Id.* ¶¶ 67-68.)

In addition to these allegations, Miller alleges that he is a White male and that his termination was based on "his race, color and gender after he repeatedly complained of misconduct" by Deputy City Attorneys Houston, Jackson, and Swanigan, "who are African American females." (FAC ¶ 98.)

## III. LEGAL STANDARD

A complaint is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the facts contained therein are insufficient to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Although the Court must accept all factual allegations of the complaint as true, it is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.3d 618, 624 (9th Cir. 1981) (court need not accept legal conclusions "cast in the form of factual allegations"). Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

## IV. DISCUSSION

### A. PLAINTIFF'S SECTION 1983 CLAIM FAILS BECAUSE THERE IS NO CAUSAL CONNECTION BETWEEN AN ADVERSE EMPLOYMENT ACTION AND THE CONDUCT OF DEFENDANTS.

To state a section 1983 claim against an individual, the plaintiff "must allege personal acts by the defendants which have a direct causal connection to the constitutional violation at issue." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991). In other words, respondent superior or vicarious liability will not be imposed (*id*), and a plaintiff must allege "facts, not simply conclusions, that show that an individual was ***personally involved*** in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("there ***must be a showing of personal participation*** in the alleged rights deprivation") (emphasis added).

Further, to assert a section 1983 claim, Plaintiff must allege facts indicating that the individual defendants, under color of law, violated plaintiff's constitutional rights. *Rinker v. Napa County,* 831 F.2d 829, 831 (9th Cir. 1987), *overruled on*

1 *other grounds*, *Graham v. Connor*, 490 U.S. 386 (1989).

2 Despite five separate attempts to articulate a viable claim, Miller has not – and cannot – state facts sufficient to demonstrate that these Defendants personally subjected him to adverse employment actions in retaliation for his exercise of protected speech. Nor can he allege any specific factual allegations demonstrating that these Defendants deprived him of his civil rights. Rather, the FAC consists of conclusory statements, unwarranted inferences, and speculations, creating tenuous connections between supposed actions by the Defendants and their alleged effect on Plaintiff's civil rights. (*See, e.g.,* FAC ¶¶ 71-76.)

### 1. Miller's Allegations Against Garcetti and Llewellyn.

Miller's allegations as to Defendants Mayor Eric Garcetti and Legal Counsel to the Mayor Richard Llewellyn are set forth in paragraphs 72 through 76 of the Fourth Amended Complaint. In those allegations, Miller alleges that Garcetti and Llewellyn ordered the Fire Commissioners to terminate Miller's employment based on Miller's protected speech and activities "alleging wrongful conduct of the Office of the City Attorney." (FAC ¶¶ 75-76.) Even assuming for purposes of this Motion that this allegation is true, Miller fails to allege any specific facts to indicate that a retaliatory or unlawful purpose motivated either Garcetti or Llewellyn. (*See*, *id*. ¶¶ 72-76.) Rather, Miller merely alleges that his "protected speech and the termination orders given by Garcetti and Llewellyn were close enough in time to *infer retaliation*." (FAC ¶ 75.) This speculative and conclusory allegation is insufficient to withstand a motion to dismiss.

The law is clear that to avoid dismissal, a plaintiff must allege facts showing that the "right to relief [rises] above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept material factual allegations as true, pleadings that are "no more than conclusions, are not entitled to the assumption of

truth."  *Id.* at 679; *see also Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations . . . and unwarranted inferences" are insufficient).

Moreover, Miller fails to allege any facts to demonstrate that the Fire Commission acted on or accepted Garcetti or Llewellyn's "termination orders." (FAC ¶ 75.)  There is no dispute that pursuant to Section 523 of the City Charter, Miller reported directly to the Board of Fire Commissioners.  (RJN, Exh. 1.)  Under the terms of the Charter, the actions of the Board of Fire Commissioners are subject to review only by the City Council – and notably ***not*** by the City Attorney's or Mayor's Offices.  (RJN, Exh. 3.)  Significantly, neither the City Attorney's Office nor the Mayor's Office has any authority whatsoever over the IA.  (RJN, Exh. 4.)  Rather, under the express terms of the Charter, the Board of Fire Commissioners is vested with exclusive authority over the IA.  (RJN, Exh. 1.)  Defendants have no involvement – personal, professional or otherwise – over the IA as a matter of law.  Miller has not – and cannot – allege that the entire Board of Fire Commissioners ceded their authority to Garcetti or Lwellellyn, or otherwise voted to terminate Miller based on Garcetti and Llewellyn's "termination orders."

### 2. *Miller's Allegations Against Feuer.*

Miller's allegations as to City Attorney Feuer are set forth in paragraph 71 of the Fourth Amended Complaint.  As to Feuer, Miller alleges that he is "informed, believes and alleges that instead of undertaking the unpleasant task of taking disciplinary action against senior African-American female attorneys in his office, Feuer chose to lobby the Mayor's Office to have Miller terminated from his employment in an attempt to stop Miller."  (FAC, ¶ 71.)  As with the allegations against Garcetti and Llewellyn, this allegation is pure conjecture.  Indeed, Miller alleges he is "informed [and] believes" that Feuer lobbied the Mayor's Office for his termination, but fails to allege any specific facts plausibly showing that Feuer did so.  Nor does Miller allege any facts to indicate that a retaliatory or unlawful purpose motivated Feuer.  (*See*, FAC ¶ 71.)

1  In addition, as discussed above, Miller fails to allege any facts to demonstrate that Feuer's supposed "lobby" for Miller's termination to the Mayor's Office had any effect on the Fire Commission's vote to terminate Miller's employment as the IA. As discussed above, and as recognized in the Court's prior rulings, the Mayor's Office has no authority whatsoever over the IA. (RJN, Exh. 4; Dkt. # 106, p. 17.) Thus, the fact that Feuer allegedly lobbied the Mayor's office does not prove any constitutional violation and cannot be a basis for individual liability under section 1983.

Additionally, Feuer did not become City Attorney until July 1, 2013, just three and one-half months prior to Miller's termination on October 15, 2013. (FAC ¶¶ 8 & 64.) The FAC demonstrates that Feuer could have played no role in any of the alleged "adverse actions" leading up to Miller's termination – adverse actions which Miller claims ultimately led to his dismissal. (*Id.*, ¶¶ 64, 69-70.) Thus, Miller has failed to allege facts sufficient to support a specific constitutional violation by Feuer.

After repeated attempts, Miller has failed to allege facts showing that Defendants Garcetti, Llewellyn, or Feuer personally subjected him to adverse employment actions in retaliation for his protected speech, or deprived him of his civil rights. Miller's claims against these Defendants should therefore be dismissed with prejudice.

### B. PLAINTIFF'S SECTION 1983 CLAIM FAILS BECAUSE DEFENDANTS HAVE QUALIFIED IMMUNITY.

The defense of qualified immunity protects "governmental officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, because the allegations fail to establish that Defendants ever engaged in conduct that could reasonably be characterized as violating clearly established statutory or

constitutional rights, these Defendants should be dismissed as to Plaintiff's section 1983 claim as a matter of law.

The qualified immunity test is a two part inquiry. In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the Supreme Court articulated the following test: initially, the courts must decide if the facts alleged show the official's conduct violated a constitutional right, and then whether the right was clearly established. The Supreme Court has clarified that courts may "exercise their sound discretion in deciding which of the two prongs . . . should be addressed first." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009). Further, as the Ninth Circuit noted in *Brewster v. Board of Education*, 149 F.3d 971, 977 (9th Cir. 1988), "[Q]ualified immunity provides a protection to government officers that is quite far-reaching. Indeed, it safeguards 'all but the plainly incompetent or those who knowingly violate the law.' '[I]f officers of reasonable competence could disagree on th[e] issue [of whether a chosen course of action is constitutional], immunity should be recognized.'" *Brewster,* 149 F.3d at 977.

Plaintiff fails to allege the manner in which these Defendants purportedly deprived Plaintiff of any constitutional rights. In fact, Plaintiff states no facts whatsoever to demonstrate that Defendants Garcetti, Llewellyn or Feuer took any actions that could have violated his rights. Therefore, the first prong of the qualified immunity test is sufficiently met because Plaintiff has not shown that any of the individual Defendants committed a constitutional violation.

Moreover, Plaintiff suffered no cognizable adverse employment action prior to his dismissal on October 15, 2013. While it is true that Plaintiff was terminated, the facts do not demonstrate that the decision to terminate Plaintiff related in any way to Plaintiff's First Amendment rights of association and free speech.

Regarding the second prong, "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable

officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.  Here, Plaintiff has not alleged any facts that suggest Defendants would ever have been aware that their actions violated Plaintiff's right to free speech or association.  In evaluating the clarity of a right in a free speech case, the question is not merely whether the abstract right has been clearly established, but whether it was clearly established under the facts of the present case.  *See*, *Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987).  Thus, in cases alleging violation of one's right to free speech, it must be "clearly established" that a plaintiff's speech was entitled to protection when it was spoken.  *Brewster*, 149 F.3d at 978.

In determining whether speech is protected, the first step is to determine whether the speech involved a matter of public concern.  *Brewster*, 149 F.3d at 978; *see also*, *Connick v. Myers*, 461 U.S. 138, 143-149 (1983) (discussing the public-concern inquiry).  Only after the speech is found to involve a matter of public concern should the "*Pickering* balance test" be applied to determine whether the interests served by allowing the employee to express himself outweigh the governmental entity's interest in promoting workplace efficiency and avoiding workplace disruption.  *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968).

Because this balancing test involves multiple considerations a person (such as each of the individual Defendants) must make to determine if a particular public employee's speech is protected, "the law regarding public-employee free speech claims will 'rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity under *Harlow* and its progeny."  *Brewster*, 149 F.3d at 979-980; *Baker v. Racansky*, 887 F.2d 183, 187 (9th Cir. 1989) ("if the existence of a right or the degree of protection it warrants in a particular context is subject to a balancing test, the right can rarely be considered 'clearly established' at least in the absence of closely corresponding factual and legal precedent").  Thus, the obvious complexity involved in determining whether the speech of a public employee like Plaintiff is

protected demonstrates the almost impossible burden Plaintiff must overcome to destroy Defendants' qualified immunity.

Where a First Amendment violation is asserted, the Plaintiff does not satisfy his burden merely by alleging that "the legal right at issue is the generic right to free speech." *Brewster*, 149 F.3d at 980. The right at issue must be looked at in the specific factual context of the case. See, *C.F. v. Capistrano Unified School Dist.*, 656 F.Supp.2d 1190, 1204-1205 (C.D. Cal. 2009). In this case, no reasonable person in Defendants' position would think that failure to respond to Miller's complaints in the precise ways Miller demanded was a violation of any established right, particularly when legal advice to the contrary had been issued and relied upon by the City Attorney's office. The analysis does not end there:

> When a public employee alleges that he has been discharged … in retaliation for exercising his First Amendment rights, courts must engage in a three-part inquiry: To prevail, an employee must prove (1) that the conduct at issue is constitutionally protected, and (2) that it was a substantial or motivating factor in the [discharge]. If the employee discharges that burden, (3) the government can escape liability by showing that it would have taken the same action even in the absence of the protected conduct.

*Brewster*, 149 F.3d at 978.

Here, Plaintiff has not satisfied prongs 1 and 2. As to prong 1, nothing in the FAC proves that it was "clearly established" at the time of Miller's employment for the City that the speech he engaged in during the course of his appointment as IA was protected. It was reasonable for Defendants to conclude that Miller's speech was part of his job duties. This is exactly the type of situation noted in *Brewster* where "the law regarding public-employee free speech claims will 'rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity." *Brewster*, 149 F.3d at 979-980.

As to prong 2, nothing in the FAC demonstrates that Miller's engagement in protected speech was a substantial or motivating factor in his termination, or even

the other actions which could arguably constitute cognizable adverse employment actions. As discussed above, there are no specific facts to demonstrate that a retaliatory or unlawful purpose motivated Garcetti, Llewellyn, or Feuer. Additionally, since this appears to be the last round of pleadings, Defendants request that the court issue a ruling on the qualified immunity of the Fire Commission defendants. (See Dkt. #106, p. 19 "the Court will defer a ruling on qualified immunity, at the very least, until the pleadings are finalized.")

### C. PLAINTIFF'S "VIOLATION OF TITLE VII/FEHA" CLAIM AGAINST THE CITY IS IMPROPER.

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion is proper where the complaint is so indefinite that a defendant cannot ascertain the nature of the claim being asserted. In cases such as this, defendants cannot reasonably be expected to frame a proper response. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981).

In the Fourth Amended Complaint, Miller asserts for the first time that he is a White male who was terminated on the basis of his race, color and gender. (FAC ¶ 98.) Miller also asserts a new claim against the City titled "Violation of Title VII/FEHA." (FAC p. 36 ¶¶ 91-102.) Miller's attempt to plead Title VII and FEHA together under one claim, however, is improper. *See, Papillon v. San Francisco Unified School District*, No. C 12-01847 (N.D. Cal. October 12, 2012) (ordering plaintiff to "allege her Title VII and FEHA claims in separate causes of action, rather than together as she did in her Complaint"). Indeed, Title VII and FEHA are completely different statutes and distinguishable in several critical respects. *See*, *State Dept. of Health Services v. Superior Court,* 31 Cal.4th 1026, 1040 (2003) ("explicit differences between federal law and the FEHA diminish the weight of the federal precedents"); *Linkenhoker v. Rupf*, 2007 WL 404783 (N.D. Cal. Feb. 2,

2007, C06-05432) (noting that "different standards applied to Title VII and FEHA claims"); *Fitzsimons v. California Emergency Physicians Medical Group,* 205 Cal.App.4th 1423, 1431 (2012) (There is . . . a significant difference between the language used to prohibit retaliation under the FEHA and under the federal statute").

Title VII and FEHA are two distinct claims with different statutory provisions. To avoid confusion, they should be properly alleged in separate claims. *Papillon, supra,* No. C 12-01847 at * 10. The City's motion for a more definite statement as to Plaintiff's "Violation of Title VII/FEHA" claim should be granted.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff Stephen Miller's claims against Defendants Garcetti, Llewellyn and Feuer with prejudice.

Dated:  June 30, 2014                                   Respectfully submitted,

                                                        LIEBERT CASSIDY WHITMORE


                                                   By:  */s/ Brian P. Walter*
                                                        Brian P. Walter
                                                        Hengameh S. Safaei
                                                        Jessica R. Frier
                                                        Attorneys for Defendants
                                                        CITY OF LOS ANGELES, ERIC
                                                        GARCETTI, RICHARD
                                                        LLEWELLYN, MIKE FEUER,
                                                        DELIA IBARRA, ANDREW
                                                        GLAZIER, STEVE FAZIO, JIMMIE
                                                        WOODS-GRAY, JIMMY HARA,
                                                        M.D.

829901.3  LO160-045                      13

DEFENDANTS' MOTION TO DISMISS AND
MOTION FOR MORE DEFINITE STATEMENT