Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Hengameh S. Safaei, Bar No. 248048
hsafaei@lcwlegal.com
Paul Cooley, Bar No. 151536
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:  310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendants
CITY OF LOS ANGELES, ERIC GARCETTI,
RICHARD LLEWELLYN, DELIA IBARA, ANDREW
GLAZIER, STEVE FAZIO, JIMMIE WOODS-GRAY
AND JIMMY HARA, M.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN

| STEPHEN MILLER, | Case No.:  2:13-cv-05148 GW (CWx) |
|---|---|
| Plaintiff, | Complaint Filed: July 17, 2013<br>FAC Filed: August 27, 2013<br>SAC Filed: November 8, 2013<br>TAC Filed:  April 4, 2014<br>4th Amended Complaint:  June 16, 2014 |
| v. | |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | **DECLARATION OF BRIAN P. WALTER IN SUPPORT OF STIPULATION TO MODIFY SCHEDULING ORDER** |

///
///
///
///
///
///
///

# DECLARATION OF BRIAN P. WALTER

I, Brian P. Walter, do declare as follows:

1. I am an attorney at law duly licensed to practice in all courts of the State of California, and in this Court. I am a partner at the law firm of Liebert Cassidy Whitmore, attorney of record for Defendants CITY OF LOS ANGELES, ERIC GARCETTI, RICHARD LLEWELLYN, DELIA IBARA, ANDREW GLAZIER, STEVE FAZIO, JIMMIE WOODS-GRAY AND JIMMY HARA, M.D. ("Defendants") in the above referenced matter. I am familiar with the papers and files in this matter and I have personal knowledge of all facts set forth herein. If called upon to testify to same, I could and would so testify.

2. During the scheduling conference which took place June 20, 2014, the Court set various trial-related deadlines and the trial date. The trial is currently scheduled for May 5, 2015. Since then the parties have diligently participated in the discovery process. This discovery includes five depositions completed, multiple requests for production of documents and a total of 26 depositions noticed or requested by Plaintiff.

3. The discovery cut-off in this matter was originally set for December 31, 2014. In late October, it became apparent to the parties that discovery would not be completed, or even close to completed, by that date, despite the diligence of all parties. The parties submitted a stipulation to the Court on October 27, 2014 to continue the discovery cut-off for two months until March 2, 2015, stay discovery for 45 days, and continue the post-mediation status conference to March 19, 2015. Dkt. No. 120. The court approved the order granting the parties' requested alterations to the pre-trial dates on October 31, 2014. Dkt. No. 121.

4. The primary reasons for the parties' initial request to continue pre-trial dates were that Defendants were undertaking a massive review of 277,000 electronic documents that may be relevant to this lawsuit and that the parties were meeting and conferring on several discovery disputes. The parties anticipated that

the 45 day period would allow Defendants to complete their document review and allow the parties to further meet and confer on the discovery disputes regarding the assertion of the attorney-client and/or attorney work product privilege by Defendants and Plaintiff's request to depose more than 10 persons. While the parties made progress on those tasks, none have been completed despite the parties' diligence, and the parties require additional time to complete discovery and resolve their discovery disputes.

5. In particular, Defendants' review of the 277,000 electronic documents continues to take much longer than anticipated. While Defendants have continued to diligently review electronic documents and work with their outside e-discovery vendor to complete the search, Defendants still have approximately 100,000 electronic documents to review. Defendants have also begun working with Plaintiff's counsel on search terms to attempt to narrow the scope of the electronic document review. However, the document review continues to be a slow process because of privilege issues since most of the key players in this case are attorneys, some of whom are only functioning as attorneys in certain instances. Defendants are required to carefully review the contents of each document to evaluate whether the document is privileged. Defendants then have to evaluate whether the privilege can be protected by redacting a portion of the document, which is even more time consuming, and then must complete a privilege log. This is a complex process that is taking a substantial amount of time at a significant expense to the City. Defendants believe that a ninety day extension of the discovery cut-off will give them sufficient time to complete their review of the documents.

6. The inability of Defendants to complete production of all documents requested by Plaintiff has also impacted the ability of the parties to complete additional depositions and discovery, as Plaintiff believes that those documents need to be obtained prior to further depositions occurring. The parties therefore desire to allow Defendants sixty days to produce additional documents before

proceeding with further depositions.

7. The parties have also met and conferred further on disputes related to the assertion of the attorney-client privilege by Defendants, but still require further time to attempt to address and properly frame those issues for resolution by the Court. The parties believe that the continuance requested will allow them to properly brief and frame these issues to guide their remaining discovery in the case.

8. The parties purposefully sought to keep the existing trial date with their prior application to the Court last October. However, the parties agree that the additional extension that they now request will require a short continuance of the current trial and pretrial dates. Plaintiff's counsel has a vacation scheduled out of the country for July 7 to July 22, and Defendants' counsel has vacations scheduled out of the country for May 22-June 1 and August 5-20. The parties have thus proposed a trial date that comports with the schedules of lead counsel for Plaintiff and Defendants.

9. Since moving the discovery cut-off date will also affect other trial-related deadlines set by the Court, the parties also agree that these deadlines should be continued as follows:

    a. The discovery cut-off date be continued from March 2, 2015 to June 19, 2015;

    b. The deadline to file a status report regarding settlement to be continued from March 17, 2015 to April 28, 2015;

    c. The post-mediation status conference to be continued from March 19, 2015 to April 30, 2015 at 8:30 a.m.;

    d. The expert discovery cut-off date be continued from March 16, 2015 to July 3, 2015.

    e. The current motion cut-off date of March 23, 2015 be continued to August 27, 2015.

  f. Pretrial Conference date of April 23, 2015 be continued to September 17 at 8:30 a.m.

  g. Jury trial date of May 5, 2015 at 9:00 a.m. be continued to September 29, 2015.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 9th day of January 2015, at Los Angeles, California.

_____
Brian P. Walter

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

885327.1 LO160-045

5

Declaration of Brian P. Walter in Support of Stipulation to Modify Scheduling Order