UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5148 GW (CWx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | Stephen Miller v. City of Los Angeles et al. | | |

Present: The Honorable   Carla Woehrle, United States Magistrate Judge

| M. Krause | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**   (In Chambers)

Plaintiff Stephen Miller's Motion to Compel ("Motion," docket no. 128) is **GRANTED** in part and **DENIED** in part, as follows.[1]

**I.   Privilege and Privilege Log Issues Regarding Gregg Kettles**

The Court rejects Plaintiff's contention that Kettles destroyed the attorney-client privilege over documents that he saved to his personal hard drive while he was employed by the City as Deputy Counsel to the Mayor.  Plaintiff also argues that the deliberative process privilege does not apply to these documents, but does not demonstrate that the City asserted that privilege over them.  Thus, insofar as Plaintiff seeks to compel Kettles to produce such documents on the ground that these privileges were either waived or do not apply, the Court **DENIES** the Motion.

The Court **GRANTS** Plaintiff's Motion insofar as it seeks the production of a privilege log for documents Kettles stored on his personal hard drive.  Defendants have in fact agreed to produce such a privilege log.  The parties are **ORDERED** to meet and confer within seven days of the issuance of this order to establish a reasonable schedule by which the privilege log must be produced.

**II.   Plaintiff's Request for Leave to Take More than Ten Depositions**

Plaintiff asks for leave to take more than the ten depositions authorized by Fed. R. Civ. P. 30(a)(2)(i).  Specifically, Plaintiff seeks leave to take a total of 26 depositions – that is, 16 more than

---

[1]   The Court **GRANTS** the City's unopposed request to take judicial notice of three sections of the Charter of the City of Los Angeles. See docket no. 133.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5148 GW (CWx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | Stephen Miller v. City of Los Angeles et al. | | |

the limit.  See Mot. 3:23-26.  However, Plaintiff identifies by name only 13 persons – 3 more than the limit – whom he either has already deposed or intends to depose.  See Mot. 18:3-18.[2]  Because Plaintiff has only identified a total of 13 deponents, he has necessarily failed to show good cause to take 26 depositions.  As for the 13 persons Plaintiff has identified, at least two (Feuer and Trutanich) are high-ranking government officials who are normally not subject to depositions, see Kyle Engineering Co. v. Kleppe, 600 F.2d 226, 231 (9th Cir. 1979), and Plaintiff has not demonstrated why he should be permitted to depose these persons.

Thus, on the record before the Court, only 11 of the 13 persons Plaintiff has identified are plausible deponents; therefore, Plaintiff's Motion amounts to seeking leave to take only 1 additional deposition.  It makes little sense for the Court to rule on an issue so inadequately presented and therefore narrowed to the point of insignificance.  The Court therefore **DENIES** this part of the Motion, but **without prejudice**.  The Court also notes that parties often stipulate to exceeding the 10-deposition limit where the request to do so is *reasonable*, and urges the parties to attempt to reach an appropriate stipulation should this issue arise again.

Insofar as Plaintiff seeks leave to take the depositions of high-ranking government officials, that request is **DENIED without prejudice**.

Insofar as Plaintiff seeks leave to retake any depositions on the ground that the deponents or the City improperly asserted privilege, that request is **DENIED** because, as discussed below, the Court finds that privileges were not improperly asserted.

**III. Plaintiff's Arguments Regarding Improper Assertions of Privilege**

Plaintiff cites 32 deposition excerpts in which he argues that the deponents and/or the City improperly asserted privilege.  Citing the pages from the brief to identify the deposition excerpts, the Court rules as follows.

---

[2]  Defendants name all of the 26 persons Plaintiff has stated he wishes to depose.  See Mot. 19:16-20:1.  The mere fact that Defendants have provided this list does not aid Plaintiff because Plaintiff has utterly failed to meet his burden to show cause for all of these depositions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5148 GW (CWx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | Stephen Miller v. City of Los Angeles et al. | | |

### A.   Gregg Kettles

Plaintiff challenges assertions of privilege in fourteen excerpts from the Kettles deposition.  As an initial matter, the Court notes that Kettles was Deputy Counsel to the Mayor, and in that capacity was involved in managing Plaintiff's complaints and subsequent litigation against the City Attorney's Office, and the two related state court lawsuits.  See Llewellyn Decl. ¶¶ 2, 4-5.  As a result, it is likely that conversations that Kettles had with City personnel regarding Plaintiff's complaint would be subject to the attorney-client privilege or work product protection, or both.  With this framework in mind, the Court rules as follows on Plaintiff's specific contentions:

1.   Motion pp. 28-33: The attorney-client privilege applies to communications between Kettles and the City Attorney's Office in which Kettles sought legal advice, or provided information to the City Attorney's Office to enable it to provide legal advice.  Insofar as Plaintiff's Motion seeks to compel testimony on the ground that no privilege may attach to any communications between Kettles and the City Attorneys' Office, the Motion is **DENIED.**

2.   Motion pp. 33-37: This aspect of the Motion appears to be incomplete.  In any case, Kettles responded to the question asked, so there is no outstanding question and there is nothing to compel.  This aspect of the Motion is **DENIED.**

3.   Motion pp. 37-43: Kettles appropriately asserted attorney-client privilege and responded to the question asked to the extent he could without violating the privilege.  There remains nothing to compel.  This aspect of the Motion is **DENIED.**

4.   Motion pp. 43-48: Plaintiff in effect concedes that a meeting between Kettles and Decker from the Mayor's Office and two deputy City Attorney's was privileged, but argues that the privilege was previously waived as to this "August 23 advice."  However, Plaintiff has not demonstrated that "the commission waived the privilege."  This aspect of the Motion is **DENIED.**

5.   Motion pp. 48-49: The deposition excerpt cited consists of Plaintiff stating his own legal opinion.  There is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5148 GW (CWx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | Stephen Miller v. City of Los Angeles et al. | | |

pending question to which an answer could be compelled. This aspect of the Motion is **DENIED.**

6.   Motion pp. 49-52: Plaintiff asked Kettles whether he communicated with anyone in the Mayor's Office or City Attorney's Office about a document, presumably the City's draft internal investigation report about Plaintiff's claim. Kettles invoked the attorney-client privilege. Plaintiff's question arguably requires Kettles to disclose confidential communications; at a minimum, the question treads close to the line. Insofar as the question does not quite cross the line, nothing in the record suggests that an answer would be relevant; nor is the question reasonably calculated to lead to the discovery of admissible evidence because any follow-up questions would certainly intrude on the privilege. On the record before the Court, no purpose would be served by compelling Kettles to respond to the question. Compelling an answer is therefore unwarranted. This aspect of the Motion is **DENIED.**

7.   Motion pp. 52-57: Kettles did not waive any privilege by storing City documents on his home computer. This aspect of the Motion is **DENIED.**

8.   Motion pp. 57-79, 80-87: Kettles properly invoked the privilege with respect to the questions raised in the six deposition excerpts cited in this portion of the Motion, and Plaintiff has not demonstrated that the privilege was waived or otherwise forfeited. Kettles responded to certain questions to the extent he could without violating the privilege. Insofar as Plaintiff's Motion seeks to compel further testimony to the questions, it is **DENIED.**

9.   Motion pp. 79-80: Plaintiff asked Kettles, "Did you [Kettles] have any discussions with Mr. Santana [Miguel Santana, the City Administrative Officer] about me?" Kettles invoked the attorney-client privilege. Plaintiff's question arguably requires Kettles to disclose confidential communications; at a minimum, the question treads close to the line. Insofar as the question does not quite cross the line, nothing in the record suggests that an answer would be relevant; nor is the question reasonably calculated to lead to the discovery of admissible evidence because any follow-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5148 GW (CWx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | Stephen Miller v. City of Los Angeles et al. | | |

up questions would certainly intrude on the privilege. On the record before the Court, no purpose would be served by compelling Kettles to respond to the question. Compelling an answer is therefore unwarranted. This aspect of the Motion is **DENIED.**

**B.   Raelynn Napper**

1.   Motion pp. 94-101: Contrary to Plaintiff's characterization, the City has not asserted attorney-client privilege as to communications involving only Napper (its human resources manager) and Reddock-Wright (its outside investigator), neither of whom were acting as attorneys. The City *only* asserted attorney-client privilege and work product protection with respect to communications Napper had that involved the City's outside counsel, Irma Moisa. This assertion of privilege was appropriate. See, e.g., Kaiser Found. Hospitals v. Superior Court, 66 Cal. App. 4th 1217, 1223 (1998) (observing that communications between company's human resources consultant and attorneys concerning consultant's prelitigation investigation of employee misconduct were protected by attorney-client privilege and work-product doctrine); see also McCaugherty v. Siffermann, 132 F.R.D. 234, 239 (N.D. Cal. 1990) (holding that under *Upjohn Co. v. United States, 449 U.S. 383 (1981),* communications between a company's outside investigators and its counsel were privileged because the investigators were acting as the company's agents). Insofar as Plaintiff's Motion seeks to compel further testimony from Napper about these matters, it is **DENIED.**

2.   Motion pp. 101-104: Insofar as Plaintiff's Motion seeks to compel Napper to testify generally as to her personal "experience with the city attorney and their legal advice," it is **DENIED** because such information is not relevant to this lawsuit.

**C.   Angela Reddock-Wright**

1.   Motion pp. 106-114: The City appropriately asserted attorney-client privilege and work product protection with respect to communications its investigator Reddock-Wright had with City attorneys concerning her investigation. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5148 GW (CWx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | Stephen Miller v. City of Los Angeles et al. | | |

City hired Reddock-Wright as an investigator and not as an attorney. However, Reddock-Wright was the City's agent, and therefore her communications with City attorneys concerning her internal investigation are privileged. See, e.g., Kaiser, 66 Cal. App. 4th at 1223 (1998) (observing that communications between company's human resources consultant and attorneys concerning consultant's prelitigation investigation of employee misconduct were protected by attorney-client privilege and work-product doctrine); see also McCaugherty, 132 F.R.D. at 239 (holding that under *Upjohn, 449 U.S. 383 (1981),* communications between a company's outside investigators and its counsel were privileged because both the investigators were acting as the company's agents). Insofar as the questions Plaintiff asked sought non-privileged material, Reddock-Wright answered them. Insofar as Plaintiff's Motion seeks to compel further testimony from Reddock-Wright about these matters, it is **DENIED.**

2. Motion pp. 104-123: For the same reasons, the City appropriately asserted attorney-client privilege and work product protection with respect to communications Reddock-Wright had with the City's outside counsel. Insofar as the questions Plaintiff asked sought non-privileged material, Reddock-Wright answered them. Insofar as Plaintiff's Motion seeks to compel further testimony from Reddock-Wright about these matters, it is **DENIED.**

3. Motion pp. 123-126: The City appropriately asserted attorney-client privilege as to communications Reddock-Wright had with outside counsel for the City (Moisa) and the Mayor's Office (Kettles and Blackshaw) about her investigation. Insofar as Plaintiff's Motion seeks to compel further testimony from Reddock-Wright about these matters, it is **DENIED.**

**D.  Della Ibarra**

1. Motion pp. 126-134: Ibarra appropriately asserted attorney-client privilege as to advice she received from the City attorney regarding whether she could "go into closed session." Plaintiff has not shown that Ibarra's assertion of qualified immunity turns on advice of counsel, and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-5148 GW (CWx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | Stephen Miller v. City of Los Angeles et al. | | |

therefore has not shown waiver.  Insofar as Plaintiff's Motion seeks to compel further testimony responsive to this question, it is **DENIED**.

2.   Motion pp. 135-140: Plaintiff seeks to compel Ibarra to testify as to "what was said" when "the commission went into closed session regarding Miller."  The Brown Act bars a person from disclosing confidential information obtained by being present in a closed session to any person not entitled to it.  See Cal. Gov't Code § 54963(a).  The City argues that the attorney-client privilege also applies to the portion of the session in which an attorney was present, but permitted Ibarra to answer the question as to the portion of the session in which an attorney was not present.  Plaintiff does not argue that the attorney-client privilege would not ordinarily attach under the circumstances, but instead appears to argue that the crime-fraud exception to the attorney-client privilege applies, and that the privilege was waived by the advice of counsel defense.  Plaintiff has not made the rigorous showing needed to demonstrate the crime-fraud exception, nor has Plaintiff shown that Ibarra or the other Fire Commissioners have invoked the advice of counsel defense.  Insofar as Plaintiff's Motion seeks to compel further testimony responsive to this question, it is **DENIED**.

## E.   Genethia Hudley-Hayes

1.   Motion pp. 140-143: Hudley-Hayes does not have authority to waive the attorney-client privilege held by the City. Therefore, insofar as Plaintiff's Motion seeks to compel further testimony from Hudley-Hayes based on her purported waiver of privilege, it is **DENIED**.

2.   Motion pp. 143-146: Plaintiff's question seeks to elicit testimony about the City Attorney's Office's "written advice" to its client; therefore, the City properly asserted the attorney-client privilege.  Plaintiff's question did not seek testimony about communications Hudley-Hayes had with Erwin Chemerinsky, a third party.  Insofar as Plaintiff's Motion seeks to compel further testimony from Hudley-Hayes about the City Attorney's Office's advice, it is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5148 GW (CWx) | Date | May 15, 2015 |
|---|---|---|---|
| Title | Stephen Miller v. City of Los Angeles et al. | | |

3.   Motion pp. 146-149: The Court rejects Plaintiff's contention that Hudley-Hayes waived the City's attorney-client privilege as to emails she sent to City attorneys and Plaintiff while Plaintiff was employed by the City.  Insofar as Plaintiff's Motion seeks to compel further testimony as to the substance of these emails, it is **DENIED.**

4.   Motion pp. 149-151: Insofar as Plaintiff's Motion seeks to compel further testimony about "the issue," it is **DENIED** because Hudley-Hates responded fully to the question.

**IV.   Conclusion**

For the foregoing reasons, the Court

•   **GRANTS** Plaintiff's Motion to Compel the production of a privilege log for the documents on Gregg Kettles's home computer that were withheld on grounds of privilege.  The parties are **ORDERED** to meet and confer within seven days of the issuance of this order to stipulate to a reasonable schedule for the production of the privilege log.

•   **DENIES** the entire remainder of the Motion to Compel documents and additional testimony.

•   **DENIES without prejudice** Plaintiff's Motion for Leave to take more than ten depositions.

cc:   Parties of Record