Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
Hengameh S. Safaei, Bar No. 248048
hsafaei@lcwlegal.com
Alison R. Kalinski, Bar No. 266705
akalinski@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:   310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendants
CITY OF LOS ANGELES, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| STEPHEN MILLER,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF LOS ANGELES,  et al.<br><br>                    Defendants. | Case No.:  CV13-5148 GW (CWx)<br><br>Complaint Filed:  July 17, 2013<br>1st AC Filed:  August 27, 2013<br>2nd AC Filed: November 8, 2013<br>3rd AC Filed:  April 4, 2014<br>4th AC Filed:  June 16, 2014<br><br>**DEFENDANT RICHARD LLEWELLYN'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  August 27, 2015<br>Time:  8:30 a.m.<br>Courtroom:  10 |

**PLEASE TAKE NOTICE** that on August 27, 2015 at 8:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 10 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, defendant Richard Llewellyn ("Defendant") will and hereby does move for summary

1

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

judgment in favor of Defendant and against Plaintiff Stephen Miller.

The grounds of this motion are:

1.      Miller's section 1983 claim against Defendant fails because Defendant was not personally involved in any alleged adverse employment action Miller suffered besides his termination;

2.      Defendant did not commit a constitutional violation in connection with the termination of Miller's employment, and

3.      Miller's section 1983 claim against Defendant fails because Defendant has qualified immunity.

In accordance with Central District Local Rule 7-3, on July 23, 2015 Defendant's counsel conferred with Miller's counsel regarding the substance of this Motion.

This Motion is made pursuant to Federal Rules of Civil Procedure 56 and is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, Defendant's Statement of Uncontroverted Facts and Conclusions of Law, the declarations of Brian Walter, Richard Llewellyn, Delia Ibarra, Andrew Glazier, Steve Fazio, Jimmie Woods-Gray, Jimmy Hara, M.D., and Eric Garcetti, and the [Proposed] Order filed concurrently, all of the pleadings and papers on file herein, and upon any further evidence or argument that may be properly presented at or before the hearing on this Motion.

Dated:  July 30, 2015

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By:   /S/ Brian P.Walter
      Brian P. Walter
      Elizabeth T. Arce
      Hengameh S. Safaei
      Alison R. Kalinski
      Attorneys for Defendants
      CITY OF LOS ANGELES, et al.

2

**TABLE OF CONTENTS**

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Page

I.     INTRODUCTION ..................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................ 3

       A.   MILLER'S EMPLOYMENT AND ALLEGED PROTECTED SPEECH ............................................................. 3

       B.   LLEWELLYN TAKES OFFICE AS DEPUTY LEGAL COUNSEL AND THE COMMISSION TERMINATES MILLER'S EMPLOYMENT FOR LEGITIMATE REASONS ............................................................................. 4

       C.   THE IMPACT OF MILLER'S LAWSUIT ON THE CITY ........................................................................... 5

III.   STANDARD FOR SUMMARY JUDGMENT ....................................... 6

IV.    DEFENDANT DID NOT VIOLATE MILLER'S CONSTITUTIONAL RIGHTS ................................................... 6

       A.   LLEWELLYN HAD NO PERSONAL INVOLVEMENT IN ANY OF THE ALLEGED ADVERSE ACTIONS EXCEPT FOR MILLER'S TERMINATION ....................................... 6

       B.   LLEWELLYN DID NOT COMMIT A CONSTITUTIONAL IN CONNECTION WITH MILLER'S TERMINATION .............................................. 8

            1.   Miller Did Not Engage in Any Protected Speech ..................... 8

                 a.   Speech Made as a Public Employee is Not Protected ............................................................ 8

                      i.    The Assessment is Not Protected .......................... 9

                      ii.   The Draft Response to the City Attorney's Opinion is Not Protected ................... 10

                      iii.  The State Bar Complaints Are Not Protected .......................................................... 10

                      iv.   The Reports to the Commission Are Not Protected .......................................................... 11

                      v.    The Government Claim is Not Protected .......................................................... 12

                      vi.   The Press Release is Not Protected ...................... 12

                      vii.  The Letters to Kettles and Decker are Not Protected .......................................................... 13

i

i.    The Original and First Amended Complaints Are Not Protected ............................. 13

b.    Speech Not a Matter of Public Concern is Not Protected ................................................. 14

i.    Speech Related to Alleged False Complaint of Discrimination is Not Protected ................................................ 15

ii.    Indemnification Claim is Not Protected ........................................... 18

iii.    Correspondence to Feuer and Ibarra is Not Protected ........................................... 18

iv.    The original and First Amended Complaints Are Not Protected ............................. 19

c.    No Speech is Protected ....................................................... 21

2.    Even if Miller Engaged in Protected Speech, It Was Not a Substantial Motivating Factor for his Termination ................................................................. 21

3.    The Commission Had Legitimate, Nonretaliatory Reasons for Termination ............................................. 22

V.    LLEWELLYN HAS QUALIFIED IMMUNITY ......................................... 23

VI.    CONCLUSION ...................................................................... 25

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

ii

# TABLE OF AUTHORITIES

**Page(s)**

**State Cases**

*Alpha Energy Savers, Inc. v. Hansen,*
381 F.3d 917 (9th Cir. 2004) ................................................................................16

*Anderson v. Creighton,*
483 U.S. 635 (1987) .............................................................................................24

*Barren v. Harrington,*
152 F.3d 1193 (9th Cir. 1998) ...............................................................................7

*Block v. Multnomah Cnty.,*
No. CIV.03-1230-MO, 2004 WL 2075416, at *4 (D. Or. Sept. 14,
2004) .....................................................................................................................16

*Borough of Duryea, Pa. v. Guarnieri,*
131 S. Ct. 2488 (2011) ...................................................................................19, 21

*Boyd v. Edwards,*
No. 6:15-CV-238-MC, 2015 WL 3407890, at *5 (D. Or. May 27,
2015) ...............................................................................................................17, 18

*Brammer–Hoelter v. Twin Peaks Charter Acad.,*
492 F.3d 1192 (10th Cir. 2007) .............................................................................9

*Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,*
149 F.3d 971 (9th Cir. 1998) ..........................................................................23, 24

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ...............................................................................................6

Connick v. Myers,
461 U.S. 138 (1983) .......................................................................................17, 20

*Creighton v. City of Livingston,*
628 F. Supp. 2d 1199 (E.D. Cal. 2009) ..........................................................11, 13

*Dahlia v. Rodriguez,*
735 F.3d 1060 (9th Cir. 2013) .........................................................9, 11, 12, 13

Davis v. Scherer,
468 U.S. 183 (1984) .............................................................................................24

*Davis v. State of Cal. Dep't of Corr.,*
No. CIV. S-93-1307DFLGGH, 1996 WL 271001, at *14 (E.D. Cal.
Feb. 23, 1996) ......................................................................................................18

LIEBERT  CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

iii

*Desrochers v. City of San Bernardino,*
572 F.3d 703 (9th Cir. 2009) ..................................................................................passim

*Dible v. City of Chandler,*
515 F.3d 918 (9th Cir. 2008) ..................................................................................24, 25

*Ellins v. City of Sierra Madre,*
710 F.3d 1049 (9th Cir. 2013) ................................................................................14

*Eng v. Cooley,*
552 F.3d 1062 (9th Cir. 2009) ................................................................................8

*Engrahm v. Cnty. of Colusa,*
No. 02:04-CV-1290-GEBGGH, 2006 WL 2051845, at *4 (E.D.
Cal. June 16, 2006) ................................................................................................20, 21

*Evans v. Hous. Auth. of City of Benicia,*
No. 2:07-CV-0391 JAMEFB, 2008 WL 4177729, at *6 (E.D. Cal.
Sept. 8, 2008) ........................................................................................................10, 21

*Evans v. Nev. Cnty. Sheriff's Dept.,*
No. 2:13-cv-01775-TLN-DAD, 2014 WL 6895569, *9 (E.D. Cal.
Dec. 8, 2014) ........................................................................................................23, 24

*Fairbank v. Wunderman Cato Johnson,*
212 F.3d 528 (9th Cir. 2000) ................................................................................6

*Garcetti v. Ceballos,*
547 U.S. 410 (2006) .............................................................................................passim

*Giannini v. Real,*
911 F.2d 354 (9th Cir. 1990) ................................................................................6

Gilbrook v. City of Westminister,
177 F.3d 839 (9th Cir. 1999) ................................................................................17

*Hall v. Jarvis,*
No. 3:10-CV-442-J-99MMH, 2011 WL 971125, at *10 (M.D. Fla.
Mar. 2, 2011) ........................................................................................................11, 13

*Harlow v. Fitzgerald,*
457 U.S. 800 (1982) .............................................................................................23

*Hendrickson v. City of Santa Ana,*
962 F.2d 13 (9th Cir. 1992) ..................................................................................17

*Hong v. Grant,*
516 F. Supp. 2d 1158 (C.D. Cal. 2007) *aff'd,* 403 Fed. App'x 236
(9th Cir. 2010) ......................................................................................................9, 10, 11, 13

*Hyland v. Wonder,*
972 F.2d 1129 (9th Cir. 1992) ..............................................................................19

*Karl v. City of Mountlake Terrace,*
678 F.3d 1062 (9th Cir. 2012) ..............................................................................15

iv

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*Lacey v. Maricopa Cnty.,*
693 F.3d 896 (9th Cir. 2012) ........................................................................................ 23

*Luox v. Maire,*
337 F. App'x 695 (9th Cir. 2009) ................................................................................ 16

*Lytle v. Wondrash,*
182 F.3d 1083 (9th Cir. 1999) ................................................................................ 20, 24

*Maestas v. Segura,*
416 F.3d 1182 (10th Cir. 2005) .................................................................................. 21

*Mariano v. State of Cal.,*
53 F. App'x 440 (9th Cir. 2002) ................................................................................. 23

*McKinley v. City of Eloy,*
705 F.2d 1110 (9th Cir. 1983) ................................................................................... 16

*Moran v. State of Wash.,*
147 F.3d 839 (9th Cir. 1998) ...................................................................................... 24

*Murray v. Wash. State Dep't of Ecology,*
No. CV-06-142-RHW, 2008 WL 467340, at *13 (E.D. Wash. Feb.
19, 2008) *aff'd*, 334 Fed. App'x 824 (9th Cir. 2009) ............................................ 25

*Nelson v. Pima Cmty. College,*
83 F.3d 1075 (9th Cir. 1996) ...................................................................................... 22

*Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos., Inc.,*
210 F.3d 1099 (9th Cir. 2000) ...................................................................................... 6

*O'Haire v. Napa State Hosp.,*
No. C 09-2508 RMW PR, 2012 WL 762076, at *8 (N.D. Cal. Mar.
8, 2012) ......................................................................................................................... 7

*Phelps v. Fullenwider,*
126 F. App'x 381 (9th Cir. 2005) ............................................................................... 22

*Pool v. VanRheen,*
297 F.3d 899 (9th Cir. 2002) ...................................................................................... 17

*Ramadan v. City of Napa,*
No. C 06-01804 MHP, 2007 WL 1655624, at *5 (N.D. Cal. June 7,
2007) ............................................................................................................................ 23

*Rendish v. City of Tacoma,*
123 F.3d 1216 (9th Cir. 1997) .................................................................................... 19

*Starr v. Baca,*
652 F.3d 1202 (9th Cir. 2011) ...................................................................................... 7

*Thomas v. City of Beaverton,*
379 F.3d 802 (9th Cir. 2004) ...................................................................................... 16

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

v

*Trizuto v. Bellevue Police Dep't,*
983 F. Supp. 2d 1277 (W.D. Wash. 2013) ......................................................16, 18

*Wilson v. Layne,*
526 U.S. 603 (1999) ......................................................................................24

*Yu v. U.S. Dep't Veterans Affairs,*
No. CIV.A. 08-933, 2011 WL 2634095, at *17 (W.D. Pa. July 5,
2011) *aff'd.* 528 F. App'x 181 (3d Cir. 2013)......................................................22

## State Statutes

42 U.S.C. §1983........................................................................................passim

Fed. R. Civ. P. 56(c) ........................................................................................6

## Federal Statutes

Labor Code §1102.5 ....................................................................................4, 18

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

vi

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   <u>INTRODUCTION</u>

Defendant Richard Llewellyn, Legal Counsel for the Mayor, moves for summary judgment, or in the alternative, partial summary judgment, on Plaintiff Stephen Miller's sole cause of action asserted against him – violation of 42 U.S.C. §1983.  Miller alleges Llewellyn retaliated against him for exercising his First Amendment rights by directing the Board of Fire Commissioners (the "Commission") to terminate his employment.  The undisputed material facts demonstrate however, that (1) Llewellyn did not commit a constitutional violation because Miller has not identified any First Amendment protected speech and the Commission had a legitimate reasons for terminating Miller, and (2) even if there was a constitutional violation, Llewellyn is entitled to qualified immunity because the rights are not clearly established.

Miller served as the Independent Assessor ("IA") for the City of Los Angeles.  As the IA, Miller was responsible for auditing and assessing the Fire Department's handling of disciplinary matters.  Following Miller's appointment, questions arose regarding the IA's ability to access confidential personnel records of Fire Department employees.  In response his request for legal advice, the City Attorney's office concluded that the IA was not entitled to access such documents.  Miller disagreed and relentlessly sought to change this through an aggressive campaign attacking the City's attorneys.  Miller claims that many of these actions constitute protected speech.

At the same time, three female attorneys in the City Attorney's office claimed Miller discriminated against them based on race and gender.  Miller filed multiple claims alleging this was a retaliatory false claim of discrimination and that he was a victim of reverse discrimination.  Miller alleges these actions are also protected speech.   Ultimately, the Commission terminated Miller's employment.  While Miller alleges Llewellyn directed the Commission to terminate him, the

1

undisputed facts show that the Commission made the termination decision.  In any event, Miller, cannot prevail on his §1983 claim.

First, Llewellyn did not commit a constitutional violation by allegedly directing the Commission to terminate Miller's employment – the only adverse employment action even potentially attributable to Llewellyn.  Miller cannot prevail on his claim for retaliation because he did not engage in any protected speech.  For speech by a public employee to be protected it must involve a matter of public concern and be made by the employee as a private citizen (rather than as a public employee).  Here, the undisputed facts demonstrate all 19 instances of speech identified by Miller were either spoken by him as a public employee because the speech was made in furtherance of his job duties, or not a matter of public concern because the speech concerned his personal employment grievance.  Since Miller did not engage in any speech protected by the First Amendment, he cannot prevail on a claim for retaliation under §1983 against Llewellyn.  Moreover, even if Miller did engage in some protected speech, Miller has no evidence demonstrating that his speech was a substantial motivating factor for his termination.  Rather, the evidence shows Miller was an at-will employee who was terminated for legitimate, reasons.

Second, even if there were a constitutional violation here, Llewellyn has qualified immunity.  An official is entitled to qualified immunity if the rights alleged to be violated were not clearly established.  Courts have recognized that because the analysis of whether speech by a public employee is protected is complex and fact-specific, the rights at issue will rarely if ever be clearly established.  As set forth below, Miller has identified 19 instances of protected speech, many of which are lengthy documents.  Determining whether the speech here is protected is a complex analysis concerning Miller's job duties and the context, form, and context of the speech.  Thus, the First Amendment protection of the speech here was not clearly established at the time of Miller's termination.  For all of these reasons, Llewellyn respectfully requests the Court grant this motion for

2

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

summary judgment, or in the alternative, partial summary judgment.

## II.    STATEMENT OF FACTS

### A.    MILLER'S EMPLOYMENT AND ALLEGED PROTECTED SPEECH

In March 2009, the City of Los Angeles amended its Charter to create an Independent Assessor ("IA") position for the Los Angeles Fire Department. Statement of Undisputed Facts ("SUF") No. 1.   The City's Board of Fire Commissioners (the "Commission") appointed Miller as the first IA in October 2009.  SUF No. 2.  The IA reports directly to the Commission and the Commission has the power to appoint and remove the IA.  SUF No. 3.  The IA is an at-will position.  SUF No. 4.

As the IA, Miller was responsible for auditing the Fire Department's handling of disciplinary matters.  SUF No. 16.  Throughout his tenure as the IA, Miller asserted that he needed full access to Fire Department information and records to perform his job duties.  SUF No. 20.  A disagreement ensued between Miller and the City Attorney's office about the ability of the IA to access certain Fire Department personnel and disciplinary records and information.  *See* FAC.  In his capacity as the IA and to further his efforts to obtain these records and information, Miller prepared various reports, complaints, letters, a press release, and the original and first amended complaints in the lawsuit.  SUF, Nos. 18, 21-23, 32-33, 35, 39, 45-46; Dkt. Nos. 1, 15.  For several of these documents, Miller used City resources and/or sought approval from the Commission.  SUF, Nos. 27, 29, 40, 41, 43.  Miller prepared these documents in an effort to get the City Attorney's office to correct its advice and pursuant to his alleged ethical obligation as the IA to protect the voters.  SUF Nos. 25, 26, 30, 36, 37, 68.

Miller simultaneously also submitted various documents in connection with personal retaliation and reverse discrimination claims alleging that three attorneys in the City Attorney's office – Zna Houston, Janet Jackson, and Vivian Swanigan –

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

3

filed a false complaint of race and gender discrimination against him. SUF Nos. 47-49. In connection with this, Miller filed tort and administrative claims, some seeking damages. *Id*. Miller also requested indemnification from the City for his defense of Houston, Jackson, and Swanigan lawsuits against him. SUF Nos. 51, 69. Miller's attorney sent letters to City Attorney Mike Feuer stating Miller is filing a complaint under Labor Code §1102.5 and requesting discipline against Houston, Jackson, and Swanigan. SUF Nos. 52-53. Lastly, Miller has filed this lawsuit alleging First Amendment retaliation and he emailed a copy of the First Amendment Complaint to Delia Ibarra before his termination. SUF No. 54, Dkt 1, 15. Miller alleges 19 instances of protected speech and 16 adverse actions in this lawsuit. SUF Nos. 14, 70.

**B.     LLEWELLYN TAKES OFFICE AS DEPUTY LEGAL COUNSEL AND THE COMMISSION TERMINATES MILLER'S EMPLOYMENT FOR LEGITIMATE REASONS**

Llewellyn took office as the Deputy Legal Counsel to the new Mayor, Eric Garcetti, on July 1, 2013. SUF No. 10. Commissioners Ibarra, Glazier, Woods-Gray, and Hara were appointed by the new Mayor and were confirmed as Commissioners in mid-September 2013, and Defendant Fazio has been on the Commission since July 2012. SUF Nos. 8-9. After Eric Garcetti assumed office, he replaced most of the commissioners on many City commissions, including four of the five Fire Commissioners, and required general managers of City departments to reapply for their jobs as part of his effort to overhaul the City's administration. SUF Nos. 6-7.

Miller reported directly to the Commission until the Commission terminated his employment on October 15, 2013. SUF Nos. 5. While Llewellyn was involved in discussions with the Commission about the IA, the Commission made the decision to terminate Miller's employment. SUF Nos. 12-13. Other than Miller's termination, Llewellyn had no personal involvement in any other adverse

4

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

employment action alleged by Miller. SUF No. 15. There is no evidence that Llewellyn expressed opposition to Miller's speech.  SUF No. 62. There is no evidence that the Commission disagreed or opposed Miller's speech. SUF No. 63. Rather, the Commission supported Miller's efforts. SUF No. 64.

The newly elected Commission exercised its independent judgment and considered several factors in deciding a new IA was necessary for the new Commission. SUF Nos. 65-66.  In particular, the Commission sought an IA who had strong leadership qualities, would focus on and prioritize critical needs for the Fire Department, and could find realistic and practical solutions to problems. SUF No. 65. The Commission also sought an IA who was able to move its agenda forward in a collaborative way. SUF No. 66. The Commission determined that a new appointee would be better suited to achieving those goals for the Fire Department. *Id.*

### C.    THE IMPACT OF MILLER'S LAWSUIT ON THE CITY

Miller's efforts to challenge the advice of the City Attorney consumed extensive resources of the City both before and after Miller filed his lawsuit. SUF No. 55. Plaintiff's initial complaint raised 8 causes of action and was 95 pages long with 86 exhibits, and his First Amended Complaint was 110 pages long with 93 exhibits. SUF No. 56.  It was a tremendous amount of work and involved significant resources to defend this lawsuit. SUF No. 57.

Because the City Attorney and attorneys in his were named as defendants, the City had to retain separate counsel to defend them in this litigation. SUF No. 58. In addition, Zna Houston, Jacket Jackson and Vivienne Swanigan responded by filing their own lawsuit against Miller and the City which also required them to be represented by separate counsel in Miller's lawsuit. SUF No. 59. The Mayor's office, the City Attorney's office, and the Fire Commission all had to take time to respond to Plaintiff's discovery requests, search for responsive documents, analyze and respond to the five iterations of his complaint, and appear for depositions. SUF

5

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

No. 60.  Plaintiff propounded over 25 sets of discovery requests to the City, Andrew Glazier, Delia Ibarra, Jimmie Woods-Gray, Jimmy Hara, M.D., Steve Fazio, Mayor Eric Garcetti, Raelynn Napper, and Richard Llewellyn.  SUF No. 61.

## III.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The party moving for summary judgment bears the initial burden of offering proof of the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330 (1986).  When the party opposing the motion for summary judgment has the burden of proof at trial, the moving party has no burden to negate its opponent's claim.  *Id.* at 323-325.  The moving party has no burden to produce any evidence showing the absence of a genuine issue of material fact.  *Id*. at 325.  "Instead . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  *Id*.; *see Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).  A party moving for summary judgment may also carry its initial burden by producing evidence that negates an element of its opposing party's claim.  *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

## IV.   DEFENDANT DID NOT VIOLATE MILLER'S CONSTITUTIONAL RIGHTS

### A.   LLEWELLYN HAD NO PERSONAL INVOLVEMENT IN ANY OF THE ALLEGED ADVERSE ACTIONS EXCEPT FOR MILLER'S TERMINATION

To prevail on a §1983 claim, a plaintiff must demonstrate that a defendant, under color of law, violated plaintiff's constitutional rights.  *See Giannini v. Real*, 911 F.2d 354, 359 (9th Cir. 1990).  An individual can only be liable under §1983 if

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

6

he or she caused or was personally involved in the alleged constitutional deprivation.  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *O'Haire v. Napa State Hosp.*, No. C 09-2508 RMW PR, 2012 WL 762076, at *8 (N.D. Cal. Mar. 8, 2012).  Causation is an individualized inquiry, "focus[ing] on the duties and responsibilities of each individual defendant."  *Id.*  Thus, to prevail on a §1983 claim, a plaintiff must demonstrate "facts, not simply conclusions, that show that an individual was *personally involved* in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (emphasis added).

Here, Miller alleges 16 different adverse employment actions.[1]  SUF No. 14.  Regardless of whether all of these actions actually constitute "adverse employment actions," the undisputed facts show that other than Miller's termination, Llewellyn was not involved in any of these actions and the FAC and discovery responses do not even allege otherwise.  SUF No. 15; FAC ¶¶ 24-52.

Moreover, Llewellyn did not take office as Legal Counsel to the Mayor until July 1, 2013.  SUF No. 10.  Only three of the alleged adverse employment actions occurred after Llewellyn took office:  (i) Houston and Jackson's lawsuit; (ii) Napper's memorandum; and (iii) Miller's termination.  SUF Nos. 10, 14.  Thus, at a minimum, Llewellyn cannot be involved for §1983 liability in any adverse action that occurred prior to when he took office.  In addition, it is undisputed that Llewellyn had no involvement in Houston and Jackson's decision to file a discrimination lawsuit against Miller or the issuance of Napper's memorandum to Miller regarding the investigation.  SUF Nos. 10, 14-15.  Accordingly, the only

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

---

[1] Plaintiff alleges the following adverse employment actions:  (i) legal advice and opinions issued by the City Attorney's office; (ii) Houston, Jackson, and Swanigan's discrimination complaints; (iii) article published by the Los Angeles Times concerning statements made by Bill Carter, the former Chief Deputy City Attorney; (iv) the Fire Department's refusal to produce misconduct investigation files; (v) memorandum to Miller from Raelynn Napper, City Personnel Department manager, concerning the investigation into complaints of race and gender discrimination against him; and (vi) the Fire Department's termination of the IA's access to a complaint tracking system.  SUF No. 14.

7

adverse employment action that Llewellyn could possibly be liable for under §1983 is Miller's termination because he had no personal involvement in any other alleged adverse actions.

## B. LLEWELLYN DID NOT COMMIT A CONSTITUTIONAL IN CONNECTION WITH MILLER'S TERMINATION

Miller alleges Llewellyn directed the Commission to terminate him in retaliation for exercising his First Amendment rights. FAC, ¶¶ 59, 63-80. The court applies a five-step test to evaluate a First Amendment retaliation claim by a public employee:

> (1) whether the Miller spoke on a matter of public concern; (2) whether the Miller spoke as a private citizen or public employee; (3) whether the Miller's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009). The first two steps determine if the speech is protected. The First Amendment protects speech when it (i) relates to an issue of public concern AND (ii) was spoken in the employee's capacity as a private citizen, rather than a public employee. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). Here, the speech identified by Miller is not protected speech because it was either spoken by him as a public employee or it does not involve a public concern, or both. Moreover, even if he could establish this is protected speech, he cannot show his speech was a substantial motivating factor for his termination, and in any event, the Commission had a legitimate reason for his termination.

### 1. <u>Miller Did Not Engage in Any Protected Speech</u>

#### a. <u>Speech Made as a Public Employee is Not Protected</u>

Most of the speech identified by Miller as protected speech was made by him as a public employee and thus is not entitled to First Amendment protection. In determining whether speech was made as a public employee or a private citizen,

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

8

courts look to whether the speech was made pursuant to the employee's job duties. *Garcetti*, 547 U.S. at 421. Job duties are defined broadly and include "any activity within an 'employee's uncontested employment responsibilities,'" or "an employee undertakes in a professional capacity to further the employer's objectives." *Hong v. Grant*, 516 F. Supp. 2d 1158, 1166 (C.D. Cal. 2007) *aff'd*, 403 Fed. App'x 236 (9th Cir. 2010) (quoting *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 (10th Cir. 2007)). Job duties can encompass speech criticizing an employer. *Garcetti*, 547 U.S. at 420-423; *Hong*, 516 F. Supp. 2d at 1166. Here, it is undisputed that the following ten instances of speech identified by Miller were made in his capacity as a public employee and thus are not protected:

### i.     The Assessment is Not Protected

In response to a request by then Commissioners Genethia Hudley-Hayes and Casimiro Tolentino, Miller prepared a report entitled "Assessment of the Department's Disciplinary Process and Professional Standards Division" (the "Assessment") discussing the Fire Department's disciplinary process. SUF No. 18. Contrary to Miller's assertion, the Assessment is not protected speech because it was prepared by Miller as a public employee for three reasons. First, it is undisputed that Miller's job duties included assessing how the Fire Department handles complaints of misconduct. SUF No. 16 (stating one of the IA's primary responsibilities was auditing the Fire Department's disciplinary system); *see Hong*, 516 F. Supp. 2d at 1166. Second, the Assessment was directed to and prepared in response to the request by the Commission – his direct supervisor. SUF No. 17; *see Dahlia v. Rodriguez*, 735 F.3d 1060, 1074 (9th Cir. 2013) (stating that when communications are made "up the chain of command" it suggests speaking as public employee). Finally, Miller admitted that all of the conduct alleged in the Houston and Swanigan's lawsuit, which included the Assessment, was performed "within the course and scope of [his] employment." SUF No. 19. Thus, Miller prepared the Assessment as a public employee and it is not protected.

9

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

> *ii.* *The Draft Response to the City Attorney's Opinion is Not Protected*

Miller prepared a draft "Response to City Attorney's Opinion Regarding Independent Assessor's Authority to Access Personnel and Disciplinary Records" ("Response") concerning the IA's access to Fire Department records. SUF No. 21. This speech is also not protected because it was made by Miller as a public employee. It is undisputed that Miller claims he needed access to the records to perform his job duties. SUF No. 20 ("So I'm not able to properly perform my duties and responsibilities without full access and the ability to provide information I get by my access to the Commission.") (Pl. Dep. at 235:8-11). Because the Response concerns Miller's access to records to perform his job, the speech was made as a public employee; Miller was not seeking access to the Fire Department records as a private citizen. *See Hong*, 516 F. Supp. 2d at 1166 (recognizing speech "an employee undertakes in a professional capacity to further the employer's objectives" is not protected); *Evans v. Hous. Auth. of City of Benicia*, No. 2:07-CV-0391 JAMEFB, 2008 WL 4177729, at *6 (E.D. Cal. Sept. 8, 2008) (same).

> *iii.* *The State Bar Complaints Are Not Protected*

Miller filed two complaints with the State Bar against attorneys in the City Attorney's office alleging that they rendered incorrect legal advice concerning the IA's ability to access Fire Department records and information. SUF Nos. 22-23. The complaints alleged that the City Attorney's office provided "intentionally false, misleading and incomplete information," failed to reasonably respond to inquiries, inappropriately threatened to report him to the State Bar, and "demonstrate[d] a deliberate indifference to and wanton disregard for the[ir] ethical and legal dut[ies]." SUF No. 24. The undisputed facts demonstrate Miller issued the State Bar complaints pursuant to his job duties.

First, Miller used City resources, including the City's computer, and spent

10

months preparing the State Bar complaints.  SUF Nos. 28-29; *compare Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1211-12 (E.D. Cal. 2009) (finding speaking as private citizen when it "occurred 'at non-Livingston owned property, during off-duty time and were not part of [his] … duties'" ); *Hall v. Jarvis*, No. 3:10-CV-442-J-99MMH, 2011 WL 971125, at *10 (M.D. Fla. Mar. 2, 2011) (finding speaking as private citizen when speech "conducted outside her official duties, on her own time, with her own resources").  Second, Miller sought approval of the Commission President and Vice-President, his direct supervisors, before filing the State Bar complaints.  SUF No. 27 ("I really didn't want to go off filing a State Bar complaint without my daily supervisors knowing what I was doing.") (Pl. Dep. at 188:23-25); *see Dahlia*, 735 F.3d at 1074.  Third, Miller filed the State Bar complaints in his capacity as IA pursuant to his perceived ethical obligation to protect the voters and taxpayers.  SUF Nos. 25-26.  Fourth, the goal of the State Bar complaints was to get the City Attorney's office to correct its advice concerning the IA's access to Fire Department disciplinary records – something he asserted was essential to perform his job duties.  SUF No. 30.  All of these facts evidence that Miller filed the State Bar complaints to pursue the objectives of the IA – not in his capacity as a private citizen.  *See, e.g. Hong*, 516 F. Supp. 2d at 1166.  Finally, Miller admitted that all of the conduct alleged in Houston and Swanigan's lawsuit, which included the State Bar complaints, was performed "within the course and scope of [his] employment."  SUF No. 31.  Thus, Miller issued the State Bar complaints as a public employee.

       *iv.*    *The Reports to the Commission Are Not Protected*

  Miller submitted reports to the Commission requesting the IA have unrestricted access to Fire Department records and employees and the public release of redacted records.  SUF Nos. 32-33.  This speech is not protected because these reports were made pursuant to Miller's job duties.  First, Miller sought these records to perform his job as the IA.  SUF No. 20; *see, e.g., Hong*, 516 F. Supp. 2d

11

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

at 1166.  Second, these reports were directed to the Commission, his supervisor. *See Dahlia*, 735 F.3d at 1074.  Finally, Miller admitted that all of the conduct alleged in Houston and Swanigan's lawsuit, which included the September 24, 2012 report, was performed "within the course and scope of [his] employment." SUF No. 34.  Thus, Miller made the reports as a public employee.

> *v.*    *The Government Claim is Not Protected*

On or about December 10, 2012, Miller filed a government claim against the City of Los Angeles alleging retaliation by the City Attorney's office for issuing legal advice denying the IA access to Fire Department records.  SUF No. 35.  While the government claim alleges a personal claim for retaliation, this speech was made as a public employee.  It is undisputed that the goal of the claim was to get the City to correct its advice concerning the IA's access to records and to benefit the taxpayers – not to recover individual damages.  SUF Nos. 36-37 ("I was looking for something to get the City to simply correct its advice. At the time I filed the claim, I had minimal, if any, damages . . . . I simply wanted the issue to be resolved in favor of the taxpayers.") (Pl. Dep. at 176:11-14).  It is undisputed that Miller sought access to the records to perform his job as the IA.  SUF No. 20; *see, e.g., Garcetti*, 547 U.S. at 420-423.  These facts show Miller filed this claim as a public employee to obtain access to Fire Department records, not to vindicate his rights as a private citizen.  This is further underscored by Miller's admission that all of the conduct alleged in Houston and Swanigan's lawsuit, which included this government claim, was performed "within the course and scope of [his] employment."  SUF No. 38.

> *vi.*    *The Press Release is Not Protected*

On January 9, 2013, Miller issued a press release reporting the IA's need to access all Fire Department information.  SUF No. 39.  The press release is not protected because Miller issued it as a public employee.  First, while the press release was issued publicly, Miller sought permission and authorization from the Commission.  SUF Nos. 40-41.  Miller testified that he "confirmed in writing with

12

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

the rest of the Commission that" he had "authorization" to issue the press release and that he talked to Ms. Hudley-Hayes, the Commission President, about the press release in advance and that "[i]t wasn't a last-minute thing." SUF No. 41 (Pl. Dep. at 162:5-14; 163:23-164:11); *see Dahlia,* 735 F.3d at 1074. Second, Miller used City resources to prepare the press release and he issued it on letterhead from the Office of the IA and the Office of the Commission. Miller explained this was "[b]ecause it was from me as the Independent Assessor, press release from the Independent Assessor." SUF Nos. 42-43 (Pls. Dep. at 164:12-16); *compare Creighton,* 628 F. Supp. 2d at 1211-12; *Hall,* 2011 WL 971125, at \*10. Third, the goal of the press release was to obtain access to Fire Department files – precisely what Miller maintained he needed to perform his job as the IA. SUF No. 20; *see, e.g., Garcetti,* 547 U.S. at 420-423. Finally, Miller admitted that all of the conduct alleged in Houston and Swanigan's lawsuit, which included this press release, was performed "within the course and scope of [his] employment." SUF No. 44.

> ### vii. The Letters to Kettles and Decker are Not Protected

Miller sent letters on IA letterhead and a draft report to Gregg Kettles and Eileen Decker concerning the IA's access to Fire Department information and the Commission's handling of complaints of misconduct. SUF Nos. 45-46. This is not protected because it was made by Miller pursuant to his job duties. These reports were made to further his efforts as the IA to obtain access to Fire Department files, not as a private citizen. SUF No. 20. *See, e.g., Hong,* 516 F. Supp. 2d at 1166.

> ### i. The Original and First Amended Complaints Are Not Protected

Miller alleges his original and First Amended Complaints in this lawsuit are also protected speech. The undisputed facts show, however, that these complaints were issued by Miller in his capacity as a public employee. Both these complaints contained a declaratory relief cause of action seeking a declaration that the City

13

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Charter grants the Commission and IA "unfettered access to all information to and within the control of the Fire Department." SUF No. 67. In addition, Miller emailed the Commission President and Vice-President informing them that he would be filing a lawsuit seeking declaratory relief "on the legal issues related to accessing information by both the Fire Commission and the Independent Assessor." SUF No. 68. As these complaints sought to obtain access to records for the IA, they were made by Miller pursuant to his job duties and thus are not protected.

### b.    Speech Not a Matter of Public Concern is Not Protected

The remaining alleged "protected speech" is not protected because it is not a matter of public concern. This speech consists of (1) speech related to Houston, Jackson, and Swanigan's alleged false claim of discrimination; (2) Miller's claim for indemnification for defending Houston, Jackson, and Swanigan's lawsuits; (3) correspondence to City Attorney Mike Feuer and Ibarra; and (4) this lawsuit.

Speech is deemed a matter of public concern when it touches on "matter[s] of political, social, or other concern to the community." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1057 (9th Cir. 2013). Speech is not a public concern when it focuses on "individual personnel disputes and grievances that would be of no relevance to the public's evaluation of governmental agencies," "internal power struggles within the workplace," or speech of no concern beyond "employee's bureaucratic niche." *Desrochers v. City of San Bernardino*, 572 F.3d 703, 710 (9th Cir. 2009). "Dissatisfaction with a superior's management style and the ongoing personality dispute which resulted" is speech that "relates at best only tangentially to matters of public concern." *Desrochers*, 572 F.3d at 714.

In evaluating whether speech is a public concern, courts consider the content of the speech ("the greatest single factor"), the form of the speech (i.e. was it made to a public audience), and the context of the speech (i.e. the point of speech). *Desrochers*, 572 at 710, 714-715 (internal quotations omitted). Whether speech is a

14

matter of public concern is a pure question of law.  *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1069 (9th Cir. 2012).  Miller bears the burden of demonstrating the speech is a matter of public concern.  *Desrochers*, 572 F.3d at 709.  The undisputed facts demonstrate Miller cannot meet his burden.

> ### i.   *Speech Related to Alleged False Complaint of Discrimination is Not Protected*

Miller alleges that Houston, Jackson, and Swanigan filed a false complaint alleging he discriminated against them based on race and gender.  In connection with this, Miller alleges four instances of protected speech:  (1) tort claim filed on March 7, 2013; (2) claim filed with the DFEH on March 29, 2013; (3) complaint filed with Raelynn Napper on May 2, 2013; and (4) charge of discrimination filed with the EEOC on August 26, 2013.  SUF Nos. 47-50.  These documents allege Houston, Jackson, and Swanigan filed a false claim of race and gender discrimination against Miller in retaliation for his State Bar complaints and that they discriminated against him based on race and gender.  SUF Nos. 47-48.  These documents also allege that the City failed to investigate his complaint of reverse discrimination.  SUF Nos. 49-50.  None of this speech, however, involves a matter of public concern based on its content, form, and context.

First, the content of this alleged speech focuses on Miller's individual claim for retaliation and reverse discrimination based on Houston, Jackson, and Swanigan's claim of discrimination against him.  SUF Nos. 49-50.  This is a personal employment grievance unrelated to any matter of public interest.  While the Ninth Circuit held in *Alpha Energy Savers, Inc. v. Hansen* "that a public employee's testimony addresses a matter of public concern if it contributes in some way to the resolution of a judicial or administrative proceeding in which discrimination or other significant government misconduct is at issue," the court also recognized "that a public employee's speech in support of a co-worker's grievance may be treated differently than 'employment grievances in which the

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

15

employee is complaining about [his] *own* job treatment.'" *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 927 & n.6 (9th Cir. 2004) (quoting *Thomas v. City of Beaverton,* 379 F.3d 802, 808 (9th Cir. 2004) (emphasis in original). In *Alpha Energy*, the plaintiff alleged he was retaliated against after he testified on behalf of a former employee in discrimination proceedings. *Id.* Other courts have concluded that discrimination claims about the plaintiff's own job are not a matter of public concern. *Luox v. Maire*, 337 F. App'x 695, 698 (9th Cir. 2009) ("Luox's internal and confidential sexual harassment complaint 'deals with [an] individual personnel dispute[ ] and grievance[ ] ... [that] would be of no relevance to the public's evaluation of the performance of government agencies' and therefore does not raise a matter of public concern.") (quoting *McKinley v. City of Eloy,* 705 F.2d 1110, 1114 (9th Cir. 1983)); *Block v. Multnomah Cnty.,* No. CIV.03-1230-MO, 2004 WL 2075416, at *4 (D. Or. Sept. 14, 2004) (distinguishing *Alpha Energy* and finding discrimination and harassment complaints not a matter of public concern because not made at an adjudicative proceeding and were about own job); *Trizuto v. Bellevue Police Dep't*, 983 F. Supp. 2d 1277, 1288 (W.D. Wash. 2013) (finding complaints of sexual harassment not a matter of public concern because "'complain[ts] about her *own* job treatment'") (quoting *Thomas,* 379 F.3d at 808). Here, while Miller's claims raise discrimination and retaliation, they focus on Miller's own job treatment and were not made at adjudicative proceedings.

Moreover, while these complaints allege that Houston, Jackson, Swanigan engaged in reverse race and gender discrimination against him, this is really just another gloss on the long-standing feud between Miller and the City Attorney's office. There are no allegations of racial epithets or a pattern or practice of discrimination by the City Attorney's office. Rather, this is just a continuation of the bitter and personal dispute between Miller and the City Attorney's office. Miller's reverse discrimination claim has no bearing on any issues relating to the job of the IA. Accordingly, this speech is not a matter of public concern. *See*

16

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*Garcetti,* 547 U.S. at 420 (The First Amendment "does not empower [public employees] to 'constitutionalize the employee grievance.'") (quoting *Connick v. Myers,* 461 U.S. 138, 154 (1983)); *Desrochers*, 572 F.3d at 710.

Second, the form of the speech indicates it is not a matter of public concern. These are procedural, statutorily required tort or administrative claims. Courts have recognized that such internal, procedural claims are not a matter of public concern. *See Boyd v. Edwards*, No. 6:15-CV-238-MC, 2015 WL 3407890, at \*5 (D. Or. May 27, 2015). Courts also find that speech not made to a public audience is unlikely to be a matter of public concern. *Desrochers,* 572 F.3d at 714-715; *Pool v. VanRheen*, 297 F.3d 899, 907 n.5 (9th Cir. 2002).

Finally, the context of the speech indicates it is not a matter of public concern. The Ninth Circuit explained this asks what is "the *point* of the speech?"

> In other words, why did the employee speak (as best as we can tell)? Does the speech "seek to bring to light actual or potential wrongdoing or breach of public trust," or is it animated instead by "dissatisfaction" with one's employment situation? The question of whether the speech was made to "further some purely private interest" is relevant to that inquiry, as is a determination of whether the speech was made in the context of a workplace "power struggle."

*Desrochers*, 572 F.3d at 715 (internal citations omitted); *see Gilbrook v. City of Westminister,* 177 F.3d 839, 866 (9th Cir. 1999) ("An employee's motivation . . . [is] relevant to the public-concern inquiry."). Here, the point of these activities was to vindicate Miller's claim of retaliation and reverse discrimination – a purely personal employment grievance. SUF Nos. 47-50. Furthermore, the constant back and forth between Miller and the City Attorney's office suggest Miller was motivated "by 'dissatisfaction' with [his] employment situation" and there was a "power struggle" between Miller and the City Attorney's office. *Desrochers*, at 715*; see Hendrickson v. City of Santa Ana*, 962 F.2d 13, at\*1 (9th Cir. 1992) ("Although the speech touched on matters of public concern such as discrimination and illegal hiring practices, these issues were discussed almost entirely in the

17

DEFENDANT RICHARD LLEWELLYN'S  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF P'S AND A'S IN SUPPORT THEREOF

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

context of his personal disputes with the City over his own employment situation."). For all of these reasons, these personal grievances are not a matter of public concern.[2]

####        ii.        *Indemnification Claim is Not Protected*

Miller's claim for indemnification for his defense of Houston, Jackson, and Swanigan's lawsuits is also not a matter of public concern. First, the content of this claim is personal – financial reimbursement for his defense of lawsuits alleging discrimination. SUF Nos. 51, 69. This has nothing to do with Miller's performance of his job as the IA. *See Garcetti,* 547 U.S. at 420; *Desrochers*, 572 at 710; *Trizuto*, 983 F. Supp. 2d at 1288. Second, the claim is a procedural, non-public filing. *See Boyd*, 2015 WL 3407890, at *5; *Desrochers,* 572 F.3d at 714-715; *Pool,* 297 F.3d at 907. Finally, the point of this speech is to benefit Miller financially and advance his own interests – not the greater public interest. *See Davis v. State of Cal. Dep't of Corr.*, No. CIV. S-93-1307DFLGGH, 1996 WL 271001, at *14 (E.D. Cal. Feb. 23, 1996) (finding harassment lawsuit not public concern because it sought "monetary damages and the advancement of the plaintiffs' private interests"); *Thomas v. McKee*, 205 F. Supp. 2d 1275, 1290 (M.D. Ala. 2002) (Fire Department major's indemnification claim was not matter of public concern.). Accordingly, Miller's indemnification claim is not protected speech.

####        iii.        *Correspondence to Feuer and Ibarra is Not Protected*

Miller alleges three instances of correspondence are protected speech: (1) his attorney's September 11, 2013 letter from to Feuer stating he is filing a complaint on behalf of Miller under Labor Code §1102.5; (2) his attorney's September 11, 2013 letter to Feuer announcing requesting disciplinary action against Houston,

---

[2] For the same reasons, Miller's December 10, 2012 Government Claim, discussed *supra* at IV(B)(1)(e), is also not a matter of public concern.

18

947127 v6 LO160-045          DEFENDANT RICHARD LLEWELLYN'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF P'S AND A'S IN SUPPORT THEREOF

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Jackson, and Swanigan; and (3) an email Miller sent to Ibarra attaching his First Amended Complaint in this lawsuit. None of these activities are matters of public concern. SUF Nos. 52-54. These are private communications regarding Miller's own employment grievances and have no bearing on any matter of public interest. *See Garcetti,* 547 U.S. at 420; *Desrochers,* 572 F.3d at 710, 714-15.

> *iv.* 	*The original and First Amended Complaints Are Not Protected*

Miller claims his original and First Amended Complaints in this lawsuit are protected speech. Litigation against a public employer "must involve a matter of public concern" to be protected speech. *Rendish v. City of Tacoma*, 123 F.3d 1216, 1220 (9th Cir. 1997). In addition to being made as a public employee (*see supra*) the original and First Amended Complaints are not a matter of public concern because they focus on his individual employment status. The original complaint alleged causes of action for First Amendment and 1102.5 retaliation, but also defamation, intentional infliction of emotional distress, and discrimination. These complaints focused extensively on Miller's interpersonal dispute with the City Attorney's office. For the reasons above, this is not a matter of public concern.

Even if a lawsuit raises public concerns, however, the speech or petition is not protected if it is outweighed by the "interest of the government in the effective and efficient management of its internal affairs." *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2500 (2011); *see Hyland v. Wonder*, 972 F.2d 1129, 1139 (9th Cir. 1992) (recognizing "discharge could still survive First Amendment scrutiny if the defendants show that [employee's] speech so severely damaged office harmony and working relationships"). A lawsuit, unlike other forms of speech, "demands a response" which "may be particularly disruptive" and "consume the time and resources of the government employer." *Borough,* 131 S. Ct. at 2496. The Supreme Court has also highlighted the importance of not disrupting the working relationships of public employees so that "a wide degree of

19

DEFENDANT RICHARD LLEWELLYN'S  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF P'S AND A'S IN SUPPORT THEREOF

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

deference to the employer's judgment is appropriate." *Connick,* 461 U.S. at 151-52 (holding speech unprotected that the government "reasonably believed would disrupt the office, undermine [] authority, and destroy close working relationships"). Likewise, in *Engrahm v. Cnty. of Colusa*, the court held that litigation alleging retaliation for Miller's complaints of safety and environmental violations was unprotected speech because it was outweighed by the government's concern "in avoiding workplace disruptions and maintaining discipline." No. 02:04-CV-1290-GEBGGH, 2006 WL 2051845, at *4 (E.D. Cal. June 16, 2006). The court found the "litigation impaired the ability of his supervisors to assign work," "disrupted the working relations between [plaintiff's] co-workers, and "obstructed the routine operations of the County." *Id.; see Lytle v. Wondrash*, 182 F.3d 1083, 1089 (9th Cir. 1999) (balancing test did not favor plaintiff when litigation caused "disharmony," "turmoil among staff members," and "a rift").

Likewise, here, Miller's litigation has been disruptive to the City. Miller's efforts to challenge the advice of the City Attorney consumed extensive resources of the City both before and after Miller filed his lawsuit. SUF No. 55. Miller's current Complaint is against the City, the Mayor, the Mayor's legal counsel, the City Attorney (who was later dismissed), and five individual Commissioners. *See* FAC. In addition, his prior Complaints in this litigation also named the former City Attorney, the former Chief Deputy City Attorney, the former Chief Assistant City Attorney, a Sr. Assistant City Attorney, two Deputy City Attorneys, the former Deputy Mayor, and the former Deputy General Counsel to the Mayor. *See* Docket. The initial complaint raised 8 causes of action and was 95 pages long with 86 exhibits, and the First Amended Complaint was 110 pages long with 93 exhibits. SUF No. 56. It was a tremendous amount of work and involved significant resources for the City to defend this lawsuit. SUF No. 57. The Mayor's office, the City Attorney's office, and the Commission all had to take time to respond to Miller's discovery requests, search for responsive documents, analyze and respond

20

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANT RICHARD LLEWELLYN'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF P'S AND A'S IN SUPPORT THEREOF

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

to the five iterations of his Complaint, and appear for depositions. SUF No. 60. Miller propounded over 25 sets of discovery requests to the City, Andrew Glazier, Delia Ibarra, Jimmie Woods-Gray, Jimmy Hara, M.D., Steve Fazio, Mayor Eric Garcetti, Raelynn Napper, and Richard Llewellyn. SUF No. 61.

Because the City Attorney and attorneys in the City Attorney's Office were named as defendants, the City had to retain separate counsel to defend them in this litigation. SUF No. 58. In addition, Zna Houston, Jacket Jackson and Vivienne Swanigan responded by filing their own lawsuit against Miller and the City which also required them to be represented by separate counsel in Miller's lawsuit. SUF No. 59. This level of disruption outweighs any First Amendment protection to this lawsuit. *See Borough*, 131 S. Ct. at 2501; *Engrahm,* 2006 WL 2051845 at *4.

### c. No Speech is Protected

For all reasons, none of the speech identified in the FAC is protected because it was either not a matter of public concern or made by Miller as a public employee. *See* summary chart at Exhibit A hereto. Thus, Miller fails to state a claim for First Amendment retaliation and there is no constitutional violation under §1983.

### 2. Even if Miller Engaged in Protected Speech, It Was Not a Substantial Motivating Factor for his Termination

Miller's §1983 claim also fails because Miller cannot establish that any alleged protected speech was a substantial motivating factor for his termination. Evidence of motivation includes temporal proximity, evidence the "employer expressed opposition to his speech, either to him or to others," or the employer's reasons for the termination "were false and pretextual." *Evans*, 2008 WL 4177729, at *8. While Miller's termination was close in time to several of his alleged instances of protected speech, temporal proximity alone is insufficient. *Maestas v. Segura*, 416 F.3d 1182, 1189 (10th Cir. 2005). Merely reciting the timing of his speech and termination does show his speech was a substantial motivating factor. *Yu v. U.S. Dep't Veterans Affairs*, No. CIV.A. 08-933, 2011 WL 2634095, at *17

21

(W.D. Pa. July 5, 2011) *aff'd.* 528 F. App'x 181 (3d Cir. 2013).

Here, there is no evidence that Llewellyn or any members of the prior or newly elected Commission disagreed with or opposed Miller's speech.  SUF Nos. 62-63.  Rather, the evidence shows that the Commission during Miller's employment agreed and supported Miller.  SUF No. 64.  In addition, Miller has no evidence that the Commission's reasons for terminating his employment (*see infra*) are pretextual.  Without more, Miller cannot meet his burden of demonstrating his speech was a substantial motivating factor for his termination.  *See Nelson v. Pima Cmty. College,* 83 F.3d 1075, 1080 (9th Cir. 1996) (affirming defendant's summary judgment where no link between protected speech and adverse action); *Phelps v. Fullenwider*, 126 F. App'x 381, 382 (9th Cir. 2005) (affirming no substantial motivating factor when termination for legitimate reason).

### 3.   The Commission Had Legitimate, Nonretaliatory Reasons for Termination

Even if Miller could establish a *prima facie* case of retaliation under the First Amendment, he still does not prevail on his claim because the Commission had legitimate, non-retaliatory reasons for his termination.  In addition to its consideration of the fact that Miller was an at-will employee, the Commission exercised its independent judgment and considered several factors in deciding it was necessary to find a new person to fill the position of IA for the new Commission.  SUF Nos. 65-66.  In particular, the Commission sought an IA who had strong leadership qualities, would focus on and prioritize critical needs for the Fire Department, and could find realistic and practical solutions to problems.  SUF No. 65.  The Commission also sought an IA who was able to move its agenda forward in a collaborative way and determined that new person would be better suited to achieving those goals for the Office of the Independent Assessor.  SUF No. 66.  Miller has no evidence these were illegitimate or prextextual reasons for his termination.  *See Ramadan v. City of Napa*, No. C 06-01804 MHP, 2007 WL

22

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1655624, at \*5 (N.D. Cal. June 7, 2007) (explaining pretext requires "specific and substantial evidence that the employer's proffered explanation is unworthy of credence."); *Mariano v. State of Cal.*, 53 F. App'x 440, 441 (9th Cir. 2002) (finding no pretext where newly-appointed Superintendent brought in own management team and upgraded personnel department after plaintiff's speech).  Thus, even if Miller had engaged in protected speech, he cannot state a claim for retaliation.

## V.   <u>LLEWELLYN HAS QUALIFIED IMMUNITY</u>

Qualified immunity protects governmental officials from liability so long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is broadly defined; "'[I]f officers of reasonable competence could disagree on th[e] issue [of whether a chosen course of action is constitutional], immunity should be recognized.'" *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 977 (9th Cir. 1998) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

Courts employ a two-part test to determine if a government official has qualified immunity: (1) did the official violate a constitutional right, and if so, (2) was that right clearly established? *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012).  The first question is separate from the inquiry on the merits of the constitutional violation. *Evans v. Nev. Cnty. Sheriff's Dept.,* No. 2:13-cv-01775-TLN-DAD*,* 2014 WL 6895569, \*9 (E.D. Cal. Dec. 8, 2014).  Here, for the reasons set forth above, the undisputed facts demonstrate that there was no constitutional violation because (i) Miller did not engage in any First Amendment protected speech, (ii) the speech was not a substantial motivating factor for his termination, and (iii) the Commission had a legitimate reason for terminating Miller.

Moreover, even if there were a constitutional violation here, the rights were not clearly established for purposes of qualified immunity.  Miller bears the "burden of proving that the rights he claims are 'clearly established.'" *Brewster,*

23

947127 v6 LO160-045

DEFENDANT RICHARD LLEWELLYN'S  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF P'S AND A'S IN SUPPORT THEREOF

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

149 F.3d at 977 (quoting *Davis v. Scherer,* 468 U.S. 183, 197 (1984)). For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wilson v. Layne*, 526 U.S. 603, 604 (1999); *see Anderson v. Creighton,* 483 U.S. 635, 640 (1987) (explaining clearly established means that "in the light of pre-existing law the unlawfulness must be apparent"). The focus should not be "in a general abstract sense, but rather in a practical, 'particularized sense.'" *Moran v. State of Wash.*, 147 F.3d 839, 845 (9th Cir. 1998).

In light of this directive, the question is not whether the right to be free from retaliation for protected speech was clearly established, but rather whether the particular expression was constitutionally protected and whether the government's interest in managing an efficient workplace outweighed the employee's free speech rights. As set forth above, the analysis of whether Miller's speech is protected is a complex and fact-specific analysis. Courts have recognized that a First Amendment retaliation claim requires a complex and factual analysis so that the rights will rarely be "clearly established" to preclude qualified immunity. *See Dible v. City of Chandler*, 515 F.3d 918, 930 (9th Cir. 2008) ("But even if we were to find a violation, ***we would also be constrained to declare that because 'whether a public employee's speech is constitutionally protected turns on a context-intensive, case-by-case balancing analysis, the law regarding such claims will rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity*.'") (quoting *Moran,* 147 F.3d at 847) (emphasis added); *Brewster*, 149 F.3d at 980 (recognizing "that employee-free-speech rights will not, as a general matter, be clearly established under *Harlow* and *Anderson*"); *Evans,* 2014 WL 6895569, at *9 ("The inquiry into whether certain speech by public employees [is protected] is fact-specific and sufficiently unclear that Royal could reasonably believe he was lawfully able to restrict William's speech in this matter."); *Lytle v. Wondrash*, 182 F.3d 1083, 1089 (9th Cir. 1999) (finding First Amendment rights

24

not so clearly established on claim alleging retaliation for filing a lawsuit).

Here, Miller has identified 19 incidents of alleged protected speech for which he claims he was subject to 16 different adverse employment actions. SUF Nos. 14, 70. As set forth above, determining whether each incident of speech is protected requires a complex and fact-specific analysis of Miller's job duties and the content of the speech. In addition, much of this speech is in lengthy detailed reports that require significant time to understand. Furthermore, even if the speech was constitutionally protected, Llewellyn would need to determine if the government's interest outweighed the Miller's rights. This complex and fact-specific analysis demonstrates that the rights at issue here were not clearly established and thus Llewellyn is entitled to qualified immunity. *See Murray v. Wash. State Dep't of Ecology*, No. CV-06-142-RHW, 2008 WL 467340, at \*13 (E.D. Wash. Feb. 19, 2008) *aff'd*, 334 Fed. App'x 824 (9th Cir. 2009) (relying on *Dible*, finding free speech rights not clearly established "where there were over 30 incidents of alleged speech this Court had to review in order to determine whether Miller was engaged in protected speech" and Miller had "numerous opportunities to notify Defendants that he was speaking as a citizen" but failed to do so). Thus, even if Llewellyn committed a constitutional violation, he is protected by qualified immunity.

## VI.    CONCLUSION

For the reasons set forth above, Defendant Llewellyn respectfully requests that the Court grant this motion in its entirety, as the uncontroverted evidence establishes that there was no First Amendment violation, and even if there was, Llewellyn is protected by qualified immunity.

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

25

Dated:  July 30, 2015                          LIEBERT CASSIDY WHITMORE


                                    By:    */S/ Brian P. Walter*
                                          Brian P. Walter
                                          Elizabeth T. Arce
                                          Hengameh S. Safaei
                                          Alison R. Kalinski
                                          Attorneys for Defendants
                                          CITY OF LOS ANGELES, et al.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

26

947127 v6 LO160-045            DEFENDANT RICHARD LLEWELLYN'S  NOTICE OF MOTION AND MOTION FOR
                               SUMMARY JUDGMENT; MEMO OF P'S AND A'S IN SUPPORT THEREOF

## EXHIBIT A

| PROTECTED ACTIVITY | PUBLIC CONCERN? | PUBLIC EMPLOYEE/ PRIVATE CITIZEN |
|---|---|---|
| 1. Assessment of Department's Disciplinary Process and Professional Standards Division | Yes | Public Employee |
| 2. Draft Response to City Attorney Opinion re: Independent Assessor's Authority to Access Personnel and Disciplinary Records | Yes | Public Employee |
| 3. State Bar Complaint, Feb. 21, 2012 | Yes | Public Employee |
| 4. State Bar Complaint, June 28, 2012 | Yes | Public Employee |
| 5. Report to Fire Commission, July 8, 2012 | Yes | Public Employee |
| 6. Report to Fire Commission, Sept. 24, 2012 | Yes | Public Employee |
| 7. Claim Against City, Dec. 10, 2012 | No | Public Employee |
| 8. Press Release | Yes | Public Employee |
| 9. Feb. 18, 2013 Letter to Kettles & Decker | Yes | Public Employee |
| 10. Feb. 18, 2103 Letter to Kettles and Decker and Draft Report re: Independent Assessor's access to Fire Department information | Yes | Public Employee |
| 11. Tort Claim with City Clerk, Mar. 7, 2013 | No | Private Citizen |
| 12. DFEH Claim, Mar. 29, 2013 | No | Private Citizen |
| 13. Complaint filed with Raelynn Napper | No | Private Citizen |
| 14. EEOC Charge, Aug 26, 2013 | No | Private Citizen |
| 15. This Lawsuit & First Amended Complaint | No | Private Citizen |
| 16. Government Tort Claim for Indemnification | No | Private Citizen |
| 17. Sept. 11, 2013 letter from Miller's attorney re: filing complaint under §1102.5 | No | Private Citizen |
| 18. Sept. 11, 2013 letter from Miller's attorney to Feuer requesting discipline against Houston, Jackson, and Swanigan | No | Private Citizen |
| 19. Sept. 21, 2013 email from Miller to Ibarra sending First Amended Complaint. | No | Private Citizen |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

947127 v5 LO160-045                DEFENDANT RICHARD LLEWELLYN'S  NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF P'S AND A'S IN SUPPORT THEREOF