Dennis E. Wagner, Esq., CA Bar No. 99190
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Tel:  (951) 686-4800
Fax: (951) 686-4801
dew@wagner-pelayes.com

Stephen Miller, CA Bar No. 106534
1325 Spruce Street, Suite 200
Riverside, CA 92507
Tel:  (951) 686-4800

Attorneys for Plaintiff,
STEPHEN MILLER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MILLER,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES,  et al.,<br><br>      Defendants. | CASE NO.:  CV13-05148 GW (CWx)<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE THAT DOCUMENTS PRODUCED BY PLAINTIFF ARE PRIVILEGED OR CONFIDENTIAL**<br><br>**[MIL NO. 1]**<br><br>**Pre-Trial Conference**<br>**Date:**     September 17, 2015<br>**Time:**     8:30 a.m.<br>**Crtrm.:**  10<br><br>**Trial**<br>**Date:**     September 29, 2015<br>**Time:**     8:30 a.m.<br>**Crtrm.:**  10<br><br>*Honorable George H. Wu* |

1

TO: DEFENDANTS AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 17, 2015 at 8:30 a.m. in Courtroom 10 of the above-entitled Court, plaintiff, Steve Miller, will move this court in limine before jury selection and commencement of trial, to preclude Defendants from claiming the attorney-client privilege or confidentiality of any documents that have been produced by Plaintiff in discovery, Rule 26 or attached as Exhibits to his complaint and amended complaints, or that such documents are improperly in the possession of the plaintiff.

This motion in limine is based upon the attached memorandum of points and authorities, the records on file with the court and upon oral argument at the time of the hearing on this matter.

Dated: August __, 2015                    WAGNER & PELAYES, LLP


_____
DENNIS E. WAGNER, Esq.
Attorneys for Plaintiff


## MEET AND CONFER

The parties discussed the proposed motion in limine and were unable to reach an agreement.

PLAINTIFF'S MOTION IN LIMINE NO. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff seeks a Motion in Limine precluding Defendants from claiming the attorney-client privilege or confidentiality of any documents that have been produced by Plaintiff in discovery, Rule 26 or attached as Exhibits to his complaint and amended complaints, or that plaintiff somehow has improper possession of any such documents.

## II.

## LEGAL AUTHORITY

A privilege can be "affirmatively waived or lost by not asserting it in a timely manner." *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). [F]ailure to timely assert the [attorney-client] privilege waive[s] the right to do so." *City of Rialto v. United States DOD*, 492 F. Supp. 2d 1193, 1201 (2007). "[T]he assertion of the privilege must be timely and must also be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim. *Marx v. Kelly, Hart & Hallman P.C.*, 929 F.2d 8, 12 (1st Cir. 1991).

Additionally, a party will have waived their attorney-client privilege by using the privileged material in its own arguments submitted to the court. The attorney-client privilege may not be used as both as a sword and a shield. *United States v. Amlani*, 169 F.3d 1189, 1195 (quoting *United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997). Thus, a party cannot use the attorney-client privilege as "both a sword and a shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion." *In re OSF Healthcare & Rockford Health Sys.*, 2012 FTC LEXIS 70, at 4-5 (Mar. 19, 2012) (citing *Frontier Refining Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 704 (10th Cir. 1998)).

### III.

## DEFENDANTS' FAILURE TO OBJECT TO DOCUMENTS PRODUCED BY MILLER PRECLUDES DEFENDANT FROM ASSERTING THE ATTORNEY-CLIENT PRIVILEGE AS TO THOSE DOCUMENTS

Plaintiff has produced hundreds of documents, many of which were attached as exhibits in his initial complaint filed on July 17, 2013.  Despite producing and submitting these documents as exhibits more than two years ago (also his rule 26 disclosures), Defendants have not asserted the attorney-client privilege as to the contents of these documents.  Thus, the court should deem that the documents produced by Plaintiff are not privileged because Defendants waived any attorney-client privilege it possessed in these documents by virtue of Defendants' failure to assert an attorney-client privilege in these documents in a timely manner.

### IV.

## DEFENDANTS' USE OF THE DOCUMENTS PREVIOUSLY PRODUCED BY PLAINTIFF WAIVES THE ATTORNEY-CLIENT PRIVILEGE AS TO THOSE DOCUMENTS

Despite any contentions by the Defendants that the documents produced by Plaintiff are privileged documents, Defendants have in fact used many of those documents throughout this litigation in support of their own arguments.  Using the attorney-client privilege as a sword (selectively waiving it when Defendants believe it suits their interests) while also using it as a shield (invoking it to withhold submissions when it suits its own interests) is impermissible, and thus should preclude Defendants from asserting the privilege as to those documents produced by Plaintiff.  Using the documents produced by Miller to gain a tactical advantage in this litigation while hiding behind the attorney-client privilege when any negative inference from those documents can be drawn against Defendant unfairly and prejudicially denies Plaintiff from asserting his arguments.

4

Therefore, Defendants should not be able to block questioning/examination at trial of certain information by asserting privilege while they previously conveniently waived the privilege in order to use that information to their own benefit. Further, Defendants should not be able to assert the documents produced by Miller as confidential or privileged in any fashion since the inference would be that Miller somehow is in wrongful possession of the documents. This argument or attempt to present an inference is wholly unfair if the documents have been out and available since 2013 without any efforts on the part of the Defendants to seek any return of the documents.

## V.

## CONCLUSION

Accordingly, Plaintiff respectfully requests that this court make the determination that any applicable attorney-client privilege has been waived with respect to the documents that have been produced by Plaintiff. This is necessary because the absence of a finding of a clear waiver will impede orderly trial preparation and create a serious risk that the trial will be interrupted by the need to resolve these privilege issues.

Dated: August 27, 2015

WAGNER & PELAYES, LLP

DENNIS E. WAGNER, Esq.
Attorneys for Plaintiff

PLAINTIFF'S MOTION IN LIMINE NO. 1