Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
Hengameh S. Safaei, Bar No. 248048
hsafaei@lcwlegal.com
Alison R. Kalinski, Bar No. 266705
akalinski@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:   310.981.2000
Facsimile:    310.337.0837

Attorneys for Defendants
CITY OF LOS ANGELES, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| STEPHEN MILLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>                    Defendants. | Case No.:  CV 13-5148 GW (CWx)<br><br>Complaint Filed: July 17, 2013<br>1st AC Filed: August 27, 2013<br>2nd AC Filed: November 8, 2013<br>3rd AC Filed:  April 4, 2014<br>4th AC Filed:  June 16, 2014<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE ARGUMENT OR REFERENCE TO DEFENDANTS' INVOCATION OF THE ATTORNEY-CLIENT/ATTORNEY WORK PRODUCT PRIVILEGES AND TO PRECLUDE QUESTIONS DESIGNED TO FORCE DEFENDANTS TO ASSERT THE PRIVILEGE IN THE PRESENCE OF THE JURY**<br><br>[Defendants' Motions in Limine Nos. 2-5, Declaration of Brian P. Walter and [Proposed] Orders Filed Concurrently]<br><br>Trial Date:              September 29, 2015<br>Final Pretrial Conf.:  September 17, 2015 |

4253809.2  LO160-045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

**TO THE HONORABLE COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 17, 2015 at 8:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 10 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California, 90012, Defendants City of Los Angeles, Eric Garcetti, Richard Llewellyn, Delia Ibarra, Andrew Glazier, Steve Fazio, Jimmie Woods-Gray, and Jimmy Hara, M.D. (collectively "Defendants") will, and hereby do, move the Court for an order *in limine* to preclude Plaintiff Stephen Miller, and his counsel, from arguing, commenting, or otherwise referring to Defendants' invocation of the attorney-client or attorney work product privileges, or from asking questions designed to force Defendants to assert the privileges in the presence of the jury.

This Motion is made to ensure that Defendants are afforded a fair trial without the harmful consequence of negative inferences from their assertion of the attorney-client privilege, which is designed to encourage persons to seek legal advice, and lawyers to give candid advice, without adverse effect. *See, Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also, In re Tudor Assocs., Ltd., II*, 20 F.3d 115, 120 (4th Cir. 1994) ("A negative inference should not be drawn from the proper invocation of the attorney-client privilege"); *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.,* 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006) (granting motion *in limine* and ordering that plaintiff is "precluded, in all respects, from introducing evidence or testimony pertaining to [defendant's] assertion of the attorney client privilege").

This Motion is brought following the conference of counsel required by Central District Local Rule 7-3 and is based upon this Notice, the attached Memorandum of Points and Authorities, the supporting Declaration of Brian P. Walter filed concurrently, all papers and pleadings filed by the parties herein, and upon any such further oral and/or documentary evidence as may be presented at the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4253809.2 LO160-045

1

time of the hearing of this Motion.

Dated:  August 27, 2015                              LIEBERT CASSIDY WHITMORE

By:   */s/ Brian P. Walter*
Brian P. Walter
Elizabeth T. Arce
Hengameh S. Safaei
Alison R. Kalinski
Attorney for Defendants
CITY OF LOS ANGELES, et al.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4253809.2  LO160-045

2

DEFENDANTS' MOTION IN LIMINE NO. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Stephen Miller is the former Independent Assessor ("IA") of the City of Los Angeles' Fire Commission.   His lawsuit arises from a dispute over legal advice that the City of Los Angeles' City Attorney's Office gave to the Fire Commission.  Miller was appointed to the new at-will position of IA for the City's Fire Department in 2009, reporting directly to the Board of Fire Commissioners.  As the IA, Miller was responsible for auditing and assessing the Fire Department's handling of disciplinary matters.  Following Miller's appointment, questions arose regarding the IA's ability to access confidential personnel records of Fire Department employees.  In response to a request for legal advice, the City Attorney's office concluded that the IA was not entitled to access such documents.  Miller disagreed and relentlessly sought to change this through an aggressive campaign attacking the City's attorneys.  Among the City's attorneys attacked were three female African-American attorneys who claimed that Miller's conduct towards them was motivated by race and gender discrimination.  Miller also filed multiple claims alleging this was a retaliatory false claim of discrimination and that he was a victim of reverse discrimination.  Ultimately, a new Fire Commission appointed after the election of a new Mayor terminated Miller's employment.  Miller alleges in this lawsuit that his termination, among other alleged adverse actions taken against him, was retaliatory and discriminatory.

By way of this motion, Defendants City of Los Angeles, Eric Garcetti, Richard Llewellyn, Delia Ibarra, Andrew Glazier, Steve Fazio, Jimmie Woods-Gray, and Jimmy Hara, M.D. (collectively "Defendants") seek an order *in limine* barring Miller, and his counsel, from arguing, commenting, or otherwise referring to Defendants' invocation of the attorney-client or attorney work product privileges, or from asking questions designed to force Defendants to assert the privileges in the presence of the jury.

4253809.2  LO160-045

1

DEFENDANTS' MOTION IN LIMINE NO. 1

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Given that Miller's allegations focus largely on the conduct of the City Attorney's Office, the key players are various attorneys from the City Attorney's Office, the Mayor's Office, and outside counsel to the City. As such, whenever appropriate, Defendants have invoked the attorney-client or attorney work product privileges, and discovery motions in this case have established the legitimacy of Defendants' assertion of the privilege. *See*, Dkt. No. 148. Throughout the course of litigation, however, Miller has taken the position that Defendants have somehow "hid behind" the attorney-client privilege. Declaration of Brian P. Walter ("Walter Decl.") ¶ 3. Further, as part of his strategy during discovery, Miller also repeatedly asked witnesses questions designed to invade the attorney-client or attorney work product privileges and to force Defendants to assert privilege objections on the record. *Id.* Defendants anticipate that Plaintiff will continue these improper tactics at trial and in the presence of the jury to provoke privilege objections in order to cause the jury to draw an adverse inference against Defendants. *Id.*

As discussed in detail below, Plaintiff should not be permitted to do so on the grounds that well established federal law prohibits negative inferences from being drawn as a result of a party's proper assertion of the attorney-client privilege. In addition, this Motion should be granted to ensure Defendants are afforded a fair trial without the harmful and prejudicial consequence of adverse inferences based on the attorney client privilege, which is designed to encourage persons to seek legal advice, and lawyers to give candid advice, without adverse effect.

## II. <u>PLAINTIFF SHOULD BE PROHIBITED FROM DRAWING THE JURY'S ATTENTION TO DEFENDANTS' INVOCATION OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES</u>

The attorney-client privilege reflects "the imperative need for confidence and trust" between lawyer and client. *Trammel v. United States*, 445 U.S. 40, 51 (1980). Its purpose includes "encourag[ing] full and frank communication between attorneys and their clients and thereby promot[ing] broader public interests in the

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4253809.2 LO160-045

2

observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The confidentiality of attorney-client communications is "not only an interest long recognized by society but also one traditionally deemed worthy of maximum legal protection." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 90 (3d Cir. 1992).  The purpose of the attorney work-product doctrine is to shelter the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. *United States v. Nobles*, 422 U.S. 225, 238 (1975).  It is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

In keeping with the important purposes served by these privileges, federal law adheres to the principle that "[a] negative inference should not be drawn from the proper invocation of the attorney-client privilege." *In re Tudor Assocs., Ltd., II*, 20 F.3d 115, 120 (4th Cir. 1994); *see also McKesson Info. Solutions, Inc. v. Bridge Med., Inc.,* 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006) (granting motion *in limine* and ordering that plaintiff is "precluded, in all respects, from introducing evidence or testimony pertaining to [defendant's] assertion of the attorney client privilege"); *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 226 (2d Cir. 1999) ("[T]he district court erred in drawing an adverse inference against Nabisco by reason of its invocation of the attorney-client privilege") (*abrogated on other grounds by Moseley v. V Secret Catalogue, Inc.,* 537 U.S. 418 (2003)); *Beraha v. Baxter Healthcare Corp*., No. 88 C 9898, 1994 WL 494654, at *3 (N.D. Ill. Sept. 6, 1994) ("[T]he only purpose for which [plaintiff] seeks to admit evidence of the fact that these communications occurred is to enable the jury to draw an adverse inference therefrom. This is exactly what is prohibited."); *Ardito v. Johnson & Johnson*, Civil No. 4–81–922, 1985 WL 2461, at *5 (D. Minn. July 22, 1985) ("No adverse inference may be drawn as a matter of law from the legitimate assertion of the attorney-client privilege"); *Sharer v. Tandberg*, No. 1:06cv626 (JCC), 2007 WL

3

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

983849 (E.D. Va. Mar. 27, 2007) (*in limine* order barring any reference at trial to the plaintiff's invocation of privilege).  This bedrock principle stretches back at least eighty years.  *See*, *United States v. Cotter*, 60 F.2d 689, 691 (2d Cir. 1932) (L. Hand, J.) ("We agree indeed that the contents of privileged communications cannot by inference be drawn out indirectly; one party may not ask a jury to find that they would have been prejudicial to the party having the privilege.")  Consequently, there is no basis to allow Plaintiff to comment or argue to the jury that Defendants have "hid behind" the attorney-client or work product privilege, or to otherwise highlight that Defendants have invoked the privileges in this case.

### III.  <u>PLAINTIFF SHOULD BE PROHIBITED FROM ASKING QUESTIONS DESIGNED TO FORCE PRIVILEGE OBJECTIONS</u>

The Court likewise should bar Plaintiff from posing questions to trial witnesses that are reasonably expected to provoke an objection on the basis of the attorney-client or attorney work product privileges.  When a party is required to reassert its privilege objection in the jury's presence, "even if neither the opponent nor the trial judge expressly comments, there is a significant risk that the jury will draw the inference on its own motion." E. Imwinkelried, The New Wigmore: Evidentiary Privileges, § 6.6.8 (2015).  Consequently, federal courts have also consistently precluded parties from conducting trial examinations aimed at eliciting privilege objections in front of the jury.  *See, e.g., Tallo v. United States*, 344 F.2d 467, 469 (1st Cir. 1965) ("improper to require a defendant to claim [privileges] in the presence of the jury");  *Williams v. Sprint/United Mgmt. Co*., 464 F.Supp.2d 1100, 1108 (D. Kan. 2006) (finding it inappropriate to force defendant "to either invoke the privilege in the jury's presence (creating the negative inference desired by plaintiffs) or waive the privilege by responding to the question"); *see also*, *Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 1816162 at *7 (N.D. Ill. Apr. 29, 2013) (*in limine* order prohibiting plaintiff from "ask[ing] any question she reasonably expects will cause Defendants to assert the attorney-client

4

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

privilege" or mentioning "that Defendants consulted with lawyers or previously invoked the attorney-client privilege"); *McKesson Info. Solutions, supra,* 434 F. Supp. 2d at 812 (granting motion *in limine* and ordering that plaintiff is "precluded, in all respects, from introducing evidence or testimony pertaining to [defendant's] assertion of the attorney client privilege").

Here, the discovery proceedings have already established the areas at issue in this case where Defendants are invoking the attorney-client and work product privilege in connection with confidential communications and legal analysis involving attorneys in the City Attorney's Office, the Mayor's Office, and outside legal counsel to the City.  Thus, Miller and his counsel are aware of the types of questions that would provoke privilege assertions in the jury's presence and create, by insinuation, the negative inference that is not permitted as a matter of settled federal law.  Plaintiff should not be permitted to ask questions that he knows or can reasonably anticipate will lead to privilege objections in the jury's presence.

## IV. DEFENDANTS ARE ENTITLED TO A FAIR TRIAL FREE FROM ADVERSE INFERENCES DRAWNS FROM ASSERTION OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES

Defendants have the right to a fair trial without the harmful and prejudicial consequence of adverse inferences based on the attorney-client or work product privileges.  Evidence is unfairly prejudicial if it tends to suggest decision on an improper basis, particularly an emotional one, and may be excluded.  Fed. R. Evid. 403; *Green v. Baca*, 226 F.R.D. 624, 634 (C.D. Cal. 2005).  Here, it would be highly prejudicial to Defendants if they are forced to repeatedly invoke the attorney-client or work product privileges or Plaintiff is allowed to argue Defendants are hiding behind the "privilege" because there is a strong likelihood that the jury will conclude that the City is "hiding" information.  *McKesson Info. Solutions, supra,* 434 F.Supp.2d at 812.  Accordingly, this motion should be granted in its entirety.

4253809.2  LO160-045

5

## V.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order barring Plaintiff and his counsel from arguing, commenting, or otherwise referring to Defendants' invocation of the attorney-client or work product privilege in the presence of the jury, or from conducting trial examination of witnesses that Plaintiff knows or can reasonably expect will lead Defendants to assert the attorney-client or work product privilege in the presence of the jury.

Dated:  August 27, 2015                    LIEBERT CASSIDY WHITMORE

By:    */s/ Brian P. Walter*
       Brian P. Walter
       Elizabeth T. Arce
       Hengameh S. Safaei
       Alison R. Kalinski
       Attorney for Defendants
       CITY OF LOS ANGELES, et al.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4253809.2  LO160-045

6

DEFENDANTS' MOTION IN LIMINE NO. 1