Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
Hengameh S. Safaei, Bar No. 248048
hsafaei@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:   310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendants,
CITY OF LOS ANGELES, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN

| | |
|---|---|
| STEPHEN MILLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF LOS ANGELES, et al.<br><br>                    Defendant. | Case No.:  CV13-5148 GW (CWx)<br><br>Complaint Filed: July 17, 2013<br>1st AC Filed: August 23, 2013<br>2nd AC Filed: November 8, 2013<br>3rd AC Filed:  April 4, 2014<br>4th AC Filed:  June 16, 2014<br><br>**DECLARATION OF BRIAN P. WALTER IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE NOS. 1-5**<br><br>[Defendants' Motions in Limine Nos. 1-5; and [Proposed] Orders Filed Concurrently]<br><br>Trial Date:              September 29, 2015<br>Final Pretrial Conf.:  September 17, 2015 |

947428.1  LO160-045

1

DECLARATION OF BRIAN P. WALTER IN SUPPORT OF DEFENDANTS' MOTIONS IN LIMINE

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## DECLARATION OF BRIAN P. WALTER

I, Brian P. Walter, declare as follows:

1.      I am an attorney at law duly licensed to practice in the State of California, and am specifically admitted to practice before the Central District of California.  I am a partner in the law firm of Liebert Cassidy Whitmore ("LCW"), attorneys of record for Defendants City of Los Angeles, Eric Garcetti, Richard Llewellyn, Delia Ibara, Andrew Glazier, Steve Fazio, Jimmie Woods-Gray and Jimmy Hara, M.D. ("Defendants") in this matter.  I make this Declaration in support of Defendant's Motions *in Limine* Nos. 1 – 5.  I am familiar with the pleadings, discovery, papers, and files in this matter and I have personal knowledge of all facts set forth herein.  If called upon to testify, I could and would competently so testify.

2.      On Friday, August 7, 2015, my partner, Elizabeth T. Arce, and I spoke to counsel for Plaintiff, Dennis Wagner, to conduct the Rule 16 conference of counsel.  During our discussion, we met and conferred on the Defendants' proposed motions *in limine*.  My office further met and conferred with Plaintiff's counsel regarding Defendants' anticipated motions *in limine* by correspondence dated August 20, 2015.  A true and correct copy of Defendants' August 20, 2015 meet and confer letter is attached hereto as Exhibit **"A."**  The parties were unable to stipulate to the motions.

3.      Throughout the course of this litigation, Plaintiff Stephen Miller and his counsel have taken the position that Defendants have somehow "hid behind" the attorney-client privilege.  This assertion has been made in Plaintiff's discovery demands and in connection with discovery proceedings in this case.  In addition, during depositions, Plaintiff repeatedly asked deponents questions designed to invade the attorney-client privilege and to force Defendants to assert privilege objections on the record.  My office anticipates that Plaintiff and his counsel will continue these tactics at trial and in the presence of the jury to provoke privilege

objections and suggest an adverse inference.

4.     Throughout the course of written discovery and depositions in this litigation, Miller has sought to demonstrate that the City Attorney's Office August 23, 2010 opinion memorandum titled *Los Angeles Fire Department Independent Assessor's Authority to Access Fire Department Personnel and Disciplinary Records and Information* ("August 23, 2010 Opinion") is somehow "false" because it does not contain what Miller (and those he has consulted) consider to be pertinent to the analysis of the Independent Assessor's authority.  In his "Designation of Expert Witnesses and Reports Pursuant to FRCP26(a)(2)," Miller identifies Dean Erwin Chemerinsky and Judge Andre Birotte as experts who Miller intends to call to address legal issues concerning the Office of the Independent Assessor.  Dean Chemerinsky is expected to further testify that "the City Attorney's legal opinion was incorrect regarding the limitations the City Attorney's imposed on the Independent Assessor." A true and correct copy of the relevant pages of Miller's Expert Designation that are referenced in Defendants' Motion *in Limine* No. 2 is attached hereto as Exhibit **"B."**

5.     Throughout discovery,  Miller has asked extensive questions of nearly every witness regarding whether the City Attorney's August 23, 2010 Opinion on the right of the IA to access confidential personnel information was correct, or whether they agreed with the opinion.  His written discovery and depositions have included asking numerous witnesses to explain why certain cases and legal authorities were not cited in the City Attorney's opinion.

6.     Miller has deposed all the individuals potentially connected to his termination – Richard Llewellyn, Eileen Decker, Delia Ibarra, Andrew Glazier, and Steve Fazio.   I attended the depositions of Delia Ibarra, Eileen Decker, and Richard Llewellyn.  My partner Elizabeth Arce attended the depositions of Steve Fazio and Andrew Glazier and I reviewed the transcripts of their depositions.  None of these individuals have testified to any personal involvement or knowledge by Mayor

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

947428.1  LO160-045

3

DECLARATION OF BRIAN P. WALTER IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

Garcetti of Miller's termination, or any other aspect of Miller's employment.

7.    On August 21, 2015, I took the second session of Plaintiff Stephen Miller's deposition, which had previously been ordered by the Court.  At the deposition, Mr. Miller testified that he knew that the anonymous "HNIC" complaint was investigated by the Professional Standards Division, but did not know the ultimate outcome of the investigation.  After the deposition, I sent Mr. Wagner and his colleagues an email requesting to meet and confer on a motion in limine to preclude any evidence regarding the "HNIC" complaint.  A true and correct copy of that email is attached hereto as Exhibit **"C".**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 27th day of August 2015, at Los Angeles, California.

/s/ *Brian P. Walter*
BRIAN P. WALTER

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# EXHIBIT A

**LCW** LIEBERT CASSIDY WHITMORE

6033 WEST CENTURY BOULEVARD, 5TH FLOOR
LOS ANGELES, CALIFORNIA 90045
T: 310.981.2000   F: 310.337.0837

hsafael@lcwlegal.com
310.981.2098

August 20, 2015

**VIA EMAIL AND U.S. MAIL**
**DEW@WAGNER-PELAYES.COM**

Dennis E. Wagner
Wagner & Pelayes, LLP
1325 Spruce Street, Suite 200
Riverside, CA  92507

        Re:    *Miller v. City of Los Angeles, et al.*
                **USDC Case No. CV13-05148 GW (CWx)**
                **Client-Matter: LO160/045**

Dear Mr. Wagner:

        Pursuant to Central District Local Rule 7-3, this letter serves to meet and confer with you regarding Defendants' anticipated motions *in limine*. While we think the grounds for our motions are sufficiently explained herein and are otherwise self-explanatory, please contact me if Plaintiff is willing to stipulate to the relief sought or if you wish to further meet and confer.

    1.    **Motion *In Limine* No. 1 – Motion To Exclude Argument or Reference to Defendants' Invocation of the Attorney-Client Privilege and to Prohibit Questions Designed to Force Defendants to Assert the Privilege in the Presence of the Jury**

        Defendants seek to preclude Plaintiff from arguing, commenting, or otherwise referring to Defendants' invocation of the attorney-client or work product privileges, or from asking questions designed to force Defendants to assert the privilege in the presence of the jury. Throughout this case, Plaintiff has taken the position that Defendants have somehow "hid behind" the attorney-client privilege. Plaintiff has also repeatedly sought to elicit Defendants' assertion of the privilege throughout the course of discovery. We expect that Plaintiff will continue these tactics at trial to cause the jury to form an adverse inference. This motion is necessary to ensure that Defendants are afforded a fair trial without the harmful and prejudicial consequence of negative inferences from their assertion of the attorney-client privilege, which is designed to encourage persons to seek legal advice, and lawyers to give candid advice, without adverse effect. *See, Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also, In re Tudor Assocs., Ltd., II*, 20 F.3d 115, 120 (4th Cir. 1994) ("A negative inference should not be drawn from the proper invocation of the attorney-client privilege."); *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 226 (2d Cir.1999) (no negative inference could be drawn from a party's assertion of the attorney-client privilege) cited by *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d

Dennis Wagner
Re: *Miller v. City of Los Angeles,*
August 20, 2015
Page 2

1258, 1265 (9th Cir. 2000); *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.,* 434 F. Supp. 2d 810, 812 (E.D. Cal. 2006) (granting motion in limine and ordering that plaintiff is "precluded, in all respects, from introducing evidence or testimony pertaining to [defendant's] assertion of the attorney client privilege").

##### 2.  Motion *In Limine* No. 2 – Motion To Exclude Evidence Regarding Whether the City Attorney's August 23, 2010 Advice Is Accurate

Defendants seek to preclude Plaintiff from offering evidence regarding whether or not the City Attorney's Office August 23, 2010 opinion memorandum titled *Los Angeles Fire Department Independent Assessor's Authority to Access Fire Department Personnel and Disciplinary Records and Information* is legally accurate. This includes barring Plaintiff from eliciting evidence from witnesses regarding whether the August 23, 2010 opinion was accurate.

The authority of the Independent Assessor to access confidential Fire Department records, as analyzed in the August 23, 2010 opinion, is a question of law. No witness, even if a qualified expert, may testify on a question of law. *Nationwide Transport Finance v. Cass Information Systems, Inc.,* 523 F.3d 1051, 1058-1059 (9th Cir. 2008); *McHugh v. United Service Auto. Ass'n,* 164 F.3d 451, 454 (9th Cir. 1999) (testimony cannot be used to provide legal meaning or interpret insurance policy as written); *Goodman r. Harris County,* 571 F.3d 388, 399 (5th Cir. 2009) (an expert may never render conclusions of law). Instead, such evidence constitutes an improper legal opinion or a legal conclusion. *Mukhtar v. Cal. State Univ., Hayward,* 299 F.3d 1053, 1066 fn. 10 (9th Cir. 2002).

In addition, evidence of purported inaccuracies in the legal opinion and analysis of the City Attorney's August 23, 2010 advice is irrelevant to Plaintiff's claims, including his Labor Code § 1102.5 claim, because it relates to a matter of local law which is not covered by the pre-2014 version of section 1102.5. *Mueller v. County of Los Angeles,* 176 Cal.App.4th 809 (2009).

Further, to the extent Plaintiff or other witnesses intend to testify regarding the alleged opinions of various persons, including USDC Judge Andre Birotte, Erwin Chemerinsky, Connie Rice, and others on the accuracy of the August 23, 2010 opinion, such testimony should be barred on the grounds that it is hearsay.

Finally, any probative value of evidence relating to the accuracy of the City Attorney's August 23, 2010 advice is substantially outweighed by the danger of confusion of the issues, misleading the jury, undue delay, waste of judicial resources, and the unnecessary presentation of cumulative evidence. Fed. R. Evid. 403.

##### 3.  Motion *In Limine* No. 3 – Motion To Exclude Evidence or Argument that the City Violated the Brown Act With Respect to Miller's Termination

Defendants seek to preclude evidence or argument that the City violated the Ralph M. Brown Act with respect to Miller's termination. This motion will be made on the basis that

4252657.3 LO160-045

6

Dennis Wagner
Re: *Miller v. City of Los Angeles,*
August 20, 2015
Page 3

Plaintiff does not claim a violation of the Brown Act and, therefore, any such evidence is irrelevant. Fed. R. Evid. 402. A determination as to whether the Brown Act was violated would require the jury to reach a legal conclusion about an issue that does not directly relate to any of the four claims in this case. Evidence on an alleged Brown Act violation would also be highly prejudicial to Defendants as it would allow Plaintiff to tell the jury that Defendants violated the Brown Act when there has been no such judicial determination. Therefore, any probative value of such evidence is substantially outweighed by the danger of confusion of the issues, misleading the jury, undue delay, and a waste of judicial resources. Fed. R. Evid. 403.

### 4. Motion *In Limine* No. 4 – Motion To Preclude Plaintiff From Calling Mayor Garcetti and Other Elected Officials To Testify At Trial

High ranking government officials should not be called to testify absent extraordinary circumstances. *First Resort, Inc. v. Herrera*, No. CV 11-5534 SBA (KAW), 2014 WL 589054, at *6 (N.D. Cal. Feb. 14, 2014) ("Absent extraordinary circumstances, high government officials should not be deposed regarding their reasons for taking official action."). "High ranking government officials have greater duties and time constraints than other witnesses." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993) "[T]he Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *Id.*, citing *United States v. Morgan*, 313 U.S. 409 (1941). The Court has already applied this rule two times previously in this case to protect Mayor Garcetti from being deposed as a high ranking official. *See*, Dkt. Nos. 148, 161.

As you are aware, Mayor Garcetti submitted a sworn declaration attesting that he has no personal knowledge concerning Miller's termination, and that his limited knowledge of this lawsuit has come from communications with attorneys representing the City and himself. *See*, Dkt. No. 152-7. In addition to Mayor Garcetti's own sworn statements, Plaintiff has deposed numerous key individuals involved in Miller's termination, and none have indicated any involvement or knowledge by Mayor Garcetti of the termination, or any other aspect of Plaintiff's employment. We have not yet received a witness list from Plaintiff, so we do not know if Plaintiff will seek to depose any other elected officials, such as City Attorney Mike Feuer. This motion will be expanded to include those elected officials if Plaintiff intends to call them as witnesses.

4252657.3 LO160-045

7

Dennis Wagner
Re: *Miller v. City of Los Angeles,*
August 20, 2015
Page 4


Again, please let us know whether Plaintiff is willing to stipulate to the relief sought in any of Defendants' anticipated motions *in limine*. If we do not hear from you, we will presume Plaintiff is unwilling to stipulate and we will file the motions.

Very truly yours,

LIEBERT CASSIDY WHITMORE

Hengameh S. Safaei

HSS:tp

4252657.3 LO160-045

8

# EXHIBIT B

Mary C. Myers, Esq., CA Bar No. 296536
Dennis E. Wagner, Esq., CA Bar No. 99190
WAGNER & PELAYES, LLP
1325 Spruce Street, Suite 200
Riverside, CA 92507
Tel: (951) 686-4800
Fax: (951) 686-4801
mec@wagner-pelayes.com
dew@wagner-pelayes.com

Stephen Miller, CA Bar No. 106534
1325 Spruce Street, Suite 200
Riverside, CA 92507
Tel: (951) 686-4800

Attorneys for Plaintiff,
STEPHEN MILLER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MILLER, | CASE NO.: CV13-05148 GW (CWx) |
| Plaintiff, | **PLAINTIFF STEPHEN MILLER'S DESIGNATION OF EXPERT WITNESSES AND REPORTS PURSUANT TO FRCP 26(a)(2)** |
| vs. | |
| CITY OF LOS ANGELES, et al., | *Trial Date: September 29, 2015* |
| Defendants. | *Honorable George H. Wu* |

TO ALL PARTIES AND THEIR ATTORNEYS FO RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Evidence 702-705 and Federal Rules of Civil Procedure 26(a)(2)(B), Plaintiff STEPHEN

1

MILLER expects to offer in evidence at trial of this matter the expert opinion and testimony of the following retained experts:

**RETAINED EXPERTS:**

1. Timothy Lanning
   Formuzis, Pickersgill, & Hunt, Inc.
   1851 E. First Street, Suite 1160
   Santa Ana, California 92705
   Tel: (714) 542-8853

Plaintiff Stephen Miller also expects to offer evidence at trial of the expert opinion and testimony of the following non-retained experts:

**NON-RETAINED EXPERTS:**

1. Erwin Chemerinsky, Dean and Distinguished Professor of Law
   University of California, Irvine School of Law
   401 East Peltason Drive
   Educ. 1095
   Irvine, CA 92697-8000
   Tel: (949)824-7722

2. Andre Birotte, Former Inspector General
   United States District Judge
   Central District of California
   312 North Spring Street, Suite 1200
   Los Angeles, California 90012
   Tel: (213) 894-2400

3. Arthur Margolis Margolis & Margolis LLP
   2000 Riverside Dr.
   Los Angeles, CA 90039
   (323) 953-8996

//
//
//

2

Attached hereto as Exhibit "1" is Timothy Lanning's curriculum vitae. His hourly rate for deposition and trial is $425. Attached as Exhibit "2" is the Expert Report prepared by Timothy Lanning. Timothy Lanning will be ready to provide expert testimony as to his knowledge and expertise in economic damages, and the damages suffered by Miller in salary and in retirement and pension benefits, as a result of being terminated by the City of Los Angeles.

Attached hereto as Exhibit "3" is a letter from Erwin Chemerinsky from June 21, 2011, addressed to the Board of Fire Commissioners (MILLER 546-549). Erwin Chemerinsky will address the legal issues concerning the Office of the Independent Assessor and the issues of access to confidential information to perform the job and that the City Attorney's legal opinion was incorrect regarding the limitations the City Attorney's imposed on the Independent Assessor.

Andre Birotte is a United States District Court Judge, since August 8, 2014. He previously served as U.S. Attorney for the Central District of California, from March 4, 2010 until August 8, 2014. Prior to these appointments, he served as the Inspector General to the Los Angeles Police Department for six years. He is an expert on the duties of the Inspector General, and assisted in the creation of the Independent Assessor job position and is knowledgeable about the office, functions of the office, intended scope of duties, the issues facing the Independent Assessor and will offer opinions in this area.

Attached hereto as Exhibit "4" are letters from Arthur Margolis. (MILLER 4067-4069; 4060-4061; 4070-4072; 4073-4075; 4076-4077). Arthur Margolis is an attorney who specializes in matters before the State Bar and serves as a consultant on issues on professional responsibility and ethics. He has served as an expert witness on professional responsibility in federal and state courts. He has also served as an expert consultant to the LA County District Attorneys' Office. Arthur

3

11

Margolis is an attorney licensed to practice law in the state of California. Margolis is expected to testify as to his involvement with the State Bar Complaint filed by Miller and his opinions regarding attorneys and ethical and statutory duties which were violated by members of the City Attorney's Office.

Plaintiff reserves the right to call any and all parties or witnesses in this matter, or read the deposition of any and all of said witnesses who will have testified by time of trial or are called at the time of trial to testify and any of said witnesses who have testified by way of deposition and elicit from said witnesses in addition to their percipient knowledge, any and all expert opinions and testimony for which they may be competent to give.

Further, plaintiff reserves the right to file a supplemental designation of expert witnesses and appropriate expert witness declaration in accordance with Rule 26(e)(2).

Further, plaintiff reserves the right to call and examine any and all expert witnesses designated by any other party to this action.

Dated: July 1, 2015                    WAGNER & PELAYES, LLP


                                       _Mary C. Myers_____
                                       MARY C. MYERS, Esq.
                                       DENNIS E. WAGNER, Esq.
                                       Attorneys for Plaintiff

4

12

# Exhibit "3"

UNIVERSITY OF CALIFORNIA, IRVINE

BERKELEY · DAVIS · IRVINE · LOS ANGELES · MERCED · RIVERSIDE · SAN DIEGO · SAN FRANCISCO



SANTA BARBARA · SANTA CRUZ

Erwin Chemerinsky
Dean and Distinguished Professor of Law

School of Law
401 E. Peltason Drive, Suite 1000
Irvine, CA 92697-8000
(949) 824-7722
(949) 824-7336 Fax

June 21, 2011

Hon. Genethia Hudley-Hayes
President
Board of Fire Commissioners
City of Los Angeles
200 North Spring Street
Los Angeles, California 90012

Dear President Hudley-Hayes,

I am writing in response to your request for my opinion concerning the authority of the Independent Assessor of the Board of Fire Commissioners to have access to personnel files, disciplinary records, and investigative materials. I believe that under the City Charter that it is clear that the Independent Assessor has full access to such material.

As you know, I am the Dean and Distinguished Professor of Law at the University of California, Irvine School of Law. From 1997-99, I was the Chair of the Elected Los Angeles Charter Reform Commission. I thus am very familiar with the City Charter and have continued to closely follow its amendments in the years since it was adopted in June 1999.

The Charter draws a distinction between two types of commissions: those that manage the department and those which serve only an oversight function. The Fire Commission is of the former type. This is clearly stated in Section 500 of the Charter: "There shall be the following departments each of which shall be

Miller Rule 26 - EX73-546

14

Letter to Genethia Hudley-Hayes – page two

under the control and management of a board of commissioners that shall be the head of the department:  Fire . . ."   Section 506(a) states:  "The head of each department shall have the power to supervise, control, regulate, and manage the department."

As the manager of the department, the Fire Commission must have access to personnel files, disciplinary records, and investigative materials.  I have reviewed the August 23, 2010 legal memorandum from the City Attorney's Office concerning the Independent Assessor's access to personnel and disciplinary records.  It states that the Board of Fire Commissioners has no access to personnel records because it has no role in personnel actions or the discipline of Fire Department employees and that the Fire Chief has exclusive jurisdiction over the appointment, discipline, and transfer of Department employees.

This conclusion simply cannot be reconciled with the Charter.  Section 500 of the Charter makes the Fire Commission the manager of the Department and Section 506(a) is explicit that this includes "the power to supervise, control, regulate, and manage the department."  This excludes no aspect of the Department, including personnel, from the jurisdiction of the Fire Commission.  It was the clear intent of the Charter that managing commissions be just that, managers of all aspects of the department including personnel matters.

Nor is the section of the Charter concerning the Fire Chief inconsistent with this.  Section 522 simply states:  "The chief administrative officer of the Fire Department shall be the Fire Chief who shall be appointed and removed as provided in Section 508."  Nothing in this section removes managerial authority over personnel from the Board of Fire Commissioners.  At the very least, in order for the Board to exercise its management authority over the Fire Chief, the Board must have full access to personnel materials.  It is simply inconceivable that the manager of any department could fulfill this duty without access to personnel materials.

Miller Rule 26 - EX73-547

15

Letter to Genethia Hudley-Hayes – page three

Section 523 of the Charter creates and defines the role of the Independent Assessor. It specifically states that the "Independent Assessor shall report to the Board of Fire Commissioners *and shall have the same access to Fire Department information as the Board of Fire Commissioners.*" In light of the above analysis, there is no doubt that the Independent Assessor has access to personnel files, disciplinary records, and investigative materials.

In fact, Section 523 of the Charter makes this explicit. Section 523(a) provides that the Independent Assessor shall "audit, assess, and review the Fire Department's handling of complaints of misconduct committed by employees, sworn or civilian, of the Fire Department." It would be impossible to perform this task without access to personnel files, disciplinary records, and investigative materials. There is no way to assess the handling of complaints of misconduct without access to personnel files. Additionally, section 523(b) authorizes the Independent Assessor to "conduct any audit or assessment requested by majority vote of the Board." This, too, depending on the request, could require access to personnel materials.

Although Section 523 was not part of the Charter adopted in 1999, it copies the language of Section 573 concerning the Inspector General of the Board of Police Commissioners. It was clearly the intent of the Charter Commissions that the Inspector General have full access to all personnel files, disciplinary records, and investigative materials. The most important function of the Inspector General was thought to be the review of the handling of complaints against Police Department employees. Section 573(a) makes this authority explicit and Section 523(a) simply copies this authority for the Independent Assessor.

I thus think that it is clear that the Independent Assessor has access to all personnel files, disciplinary records, and investigative materials. The August 23, 2010 memorandum from the Office of the City Attorney is mistaken in not according the Board of Fire Commissions its role under the Charter in managing the Fire Department and in not following the literal language of Section 523 which ensures the Independent Assessor with the duty to "audit, assess, and review" the

Miller Rule 26 - EX73-548

16

Letter to Genethia Hudley-Hayes -- page four

handling of complaints of misconduct of employees. This obviously cannot be done without access to personnel materials.

Please do not hesitate to let me know if I can be of further assistance.

Sincerely,

*Erwin Chemerinsky*

Erwin Chemerinsky

Miller Rule 26 - EX73-549

17

# EXHIBIT C

## Brian P. Walter

| | |
|---|---|
| **From:** | Brian P. Walter |
| **Sent:** | Friday, August 21, 2015 4:20 PM |
| **To:** | 'Dennis E Wagner' |
| **Cc:** | Hengameh S. Safaei; Risa S Christensen; Kim Connelly; Elizabeth T. Arce |
| **Subject:** | RE: Miller v. City of Los Angeles - From Hengameh Safaei of Liebert Cassidy Whitmore |

Dennis,

In addition to our other motions in limine, we intend to file a motion in limine to preclude any evidence regarding the anonymous "HNIC" allegation from the summer of 2012 on the grounds that the evidence is irrelevant, based on Miller's depo testimony today, and also that the prejudice outweighs the probative value.

Brian

---

**Brian P. Walter | Partner**

**LCW** LIEBERT CASSIDY WHITMORE
6033 W. Century Boulevard, 5th Floor
Los Angeles, CA 90045
direct: 310.981.2024 | cell: 310.308.3377 | fax: 310.337.0837
bwalter@lcwlegal.com | vcard | bio | website

FOLLOW US ON twitter

The preceding e-mail message (including any attachments) contains information that may be confidential, protected by the attorney-client privilege or other applicable privileges, protected by the right of privacy, or constitute other non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Dennis E Wagner [mailto:dew@wagner-pelayes.com]
**Sent:** Thursday, August 20, 2015 6:37 PM
**To:** Elizabeth T. Arce
**Cc:** Brian P. Walter; Hengameh S. Safaei; Risa S Christensen; Kim Connelly
**Subject:** Re: Miller v. City of Los Angeles - From Hengameh Safaei of Liebert Cassidy Whitmore

Ok.

Sent from my iPhone

On Aug 20, 2015, at 6:33 PM, Elizabeth T. Arce <earce@lcwlegal.com> wrote:

Dennis,

We intend to oppose your motion in limine to exclude reference to Miller's state bar issue and we will also be asking the Court to exclude evidence of William Carter's private reproval if the Court decides to exclude evidence of Miller's state bar issue.

As for your third motion in limine to prevent the City from claiming the attorney-client privilege as to any documents produced by Miller, we intend to oppose it too.

1

18

Elizabeth T. Arce | Attorney
LCW LIEBERT CASSIDY WHITMORE
6033 W. Century Boulevard, 5th Floor
Los Angeles, CA 90045
direct: 310.981.2049 | fax: 310.337.0837
earce@lcwlegal.com | vcard | bio | website

<image003.png>

The preceding e-mail message (including any attachments) contains information that may be confidential, protected by the attorney-client privilege or other applicable privileges, protected by the right of privacy, or constitute other non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

**From:** Dennis E Wagner [mailto:dew@wagner-pelayes.com]
**Sent:** Thursday, August 20, 2015 5:02 PM
**To:** Terry M. Portillo
**Cc:** Hengameh S. Safaei; Brian P. Walter; Risa S Christensen; Jacob Menicucci; Kim Connelly
**Subject:** RE: Miller v. City of Los Angeles - From Hengameh Safaei of Liebert Cassidy Whitmore

We will have a motion in limine to exclude any reference to Miller's prior state bar issue that occurred many years ago. As to your motions, we shall respond accordingly.


*Dennis E. Wagner*
Wagner and Pelayes, LLP
1325 Spruce Street
Suite 200
Riverside, CA  92507
(951) 686-4800
(951) 686-4801 fax



**From:** Terry M. Portillo [mailto:tportillo@lcwlegal.com]
**Sent:** Thursday, August 20, 2015 4:31 PM
**To:** Dennis E Wagner
**Cc:** Hengameh S. Safaei
**Subject:** Miller v. City of Los Angeles - From Hengameh Safaei of Liebert Cassidy Whitmore


Mr. Wagner, please see attached letter from Hengameh Safaei in the above-referenced matter.

19

**Terry Portillo** | Legal Secretary
**LCW** LIEBERT CASSIDY WHITMORE
6033 W. Century Boulevard, 5th Floor
Los Angeles, CA 90045
direct: 310.981.2033 | fax: 310.337.0837
tportillo@lcwlegal.com | website

<image002.gif><image003.png>

The preceding e-mail message (including any attachments) contains information that may be confidential, protected by the attorney-client privilege or other applicable privileges, protected by the right of privacy, or constitute other non-public information. It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

This email message has been delivered safely and archived online by Mimecast.

This email message has been delivered safely and archived online by Mimecast.

**Terry Portillo** | Legal Secretary
**LCW** LIEBERT CASSIDY WHITMORE

3