Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
Hengameh S. Safaei, Bar No. 248048
hsafaei@lcwlegal.com
Alison R. Kalinski, Bar No. 266705
akalinski@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:   310.981.2000
Facsimile:    310.337.0837

Attorneys for Defendants
CITY OF LOS ANGELES, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| STEPHEN MILLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>                    Defendants. | Case No.:  CV 13-5148 GW (CWx)<br><br>Complaint Filed: July 17, 2013<br>1st AC Filed: August 27, 2013<br>2nd AC Filed: November 8, 2013<br>3rd AC Filed:  April 4, 2014<br>4th AC Filed:  June 16, 2014<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1**<br><br>Trial Date:              September 29, 2015<br>Final Pretrial Conf.: September 17, 2015 |

Defendants City of Los Angeles, Eric Garcetti, Richard Llewellyn, Delia Ibarra, Andrew Glazier, Steve Fazio, Jimmie Woods-Gray and Jimmy Hara, M.D. (collectively, "Defendants") hereby submit their Opposition to Plaintiff Stephen Miller's Motion *in Limine* No. 1.

4260771.3 LO160-045

## I.    **INTRODUCTION**

During his employment with the City of Los Angeles, Plaintiff Stephen Miller took thousands of pages of documents, including many protected by the attorney-client privilege, which he subsequently produced back to the City during the course of this litigation.  Now, Plaintiff's Motion *in Limine* No. 1 seeks to bar Defendants from asserting the attorney-client privilege as to "any documents that have been produced by Plaintiff in discovery, Rule 26, or attached as Exhibits to his complaint and amended complaints[.]"  Dkt. No. 238 at 2:5-8.  Without any factual support, Plaintiff claims Defendants waived the attorney-client privilege as to documents Miller took because they failed to object to these documents and have "used many of those documents throughout this litigation."  *Id*. at page 4.  Miller's overbroad, vague, and improper *in limine* request must be denied, and his "waiver" argument must be rejected.

First, the Motion lacks the requisite specificity as to the documents at issue. The purpose of motions *in limine* are to deal with discrete evidentiary issues related to trial.  Here, Plaintiff has produced nearly **6,000** pages of documents in this case and his complaint and amended complaints contain dozens of exhibits.  Declaration of Brian P. Walter ("Walter Decl.") ¶ 3.  His Motion, however, fails to identify even a single item of evidence Plaintiff seeks to introduce to the jury at trial over Defendants' privilege objection.  It is virtually impossible to ascertain from Miller's Motion, or his Proposed Order, what documents or evidence is included within the scope of the Court's ruling.  *See*, Dkt. No. 238-1.  For this reason alone, his Motion should be denied.  *See, Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 937 F.Supp. 276, 287 (S.D.N.Y. 1996) (denying motion *in limine* that "lacks the necessary specificity with respect to the evidence to be excluded or the purported reason for the introduction of such evidence" and holding that such motion is "too sweeping in scope to be decided *in limine*"); *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19,

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4260771.3  LO160-045

1

2010) ("motions *in limine* must identify the evidence at issue"); *Gen. Elec. Co. v. Wilkins*, 2012 WL 5398407, at *4 (E.D. Cal. Nov. 2, 2012) (denying motion *in limine* that discusses evidence "in purely conceptual, abstract terms" and did not identify "specific evidence that is at issue"); *Sclafani v. Air & Liquid Sys. Corp.*, 2013 WL 2477077, at *4 (C.D. Cal. May 9, 2013) (denying motion *in limine* where party failed to identify "specific items of evidence"); *In re Homestore.com, Inc.*, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (motions *in limine* that are "over-broad and vague" are "inappropriate for review at the motion *in limine* stage").

Further, the Motion should be denied because Defendants have not waived the attorney-client privilege. Where the client is an entity, the privilege belongs to and may be waived only by the entity and not individual employees. *Weil v. Investment/Indicators, Research & Mgt., Inc.*, 647 F. 2d 18, 23 (9th Cir. 1981). These issues were briefed extensively in connection with Plaintiff's motion to compel and were resolved in favor of Defendants upholding the attorney-client privilege. Dkt. No. 148. As the Ninth Circuit has noted, the focal point of privilege waiver analysis is "the *holder's disclosure* of privileged communications to someone outside the attorney-client relationship[.]" *Quiksilver, Inc. v. Kymsta Corp.*, 247 F.R.D. 579, 584 (C.D. Cal. 2007) emphasis added, quoting *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996). Miller has not – and cannot – identify any instance in which the City purposely disclosed privileged documents to anyone outside the attorney-client relationship. To the contrary, whenever appropriate, Defendants have asserted the attorney-client privilege, and discovery motions in this case have established the legitimacy of Defendants' assertion of the privilege. *See*, Dkt. No. 148.

Indeed, as Miller is aware, during the discovery phase of this case, Defendants expended significant time, effort and resources diligently reviewing thousands of documents for privilege, redacting those documents when appropriate, and completing privilege logs. Walter Decl., ¶ 2. Defendants have also asserted

the attorney-client privilege with respect to documents produced by Miller, including those he has improperly attempted to use during depositions. *Id*., ¶ 3. Defendants' privilege objections to these documents are also unequivocally stated on the record of many depositions. *Id*., ¶¶ 3-7, Exhs. A-D. (Exh. A: Decker Deposition Transcript at p. 104:1-17; Exh. B. Hudley Hayes Deposition at 32:15-23, 43:5-18, 68:24-69:1-7; Exh. C- Kettles Deposition at 32:14-21; Exh. D-Echeverria Deposition Transcript at 103:9-24, 104:18-105:14, 111:6-18, 166:10-25, 223:4-13.)

## II.    MILLER'S *IN LIMINE* REQUEST IS DEFICIENT AND IMPROPER

Miller's Motion must be denied because it lacks any specificity as to the evidence at issue.  Motions *in limine* "are meant to deal with ***discrete evidentiary issues*** related to trial." *Dunn ex rel. Albery v. State Farm Mutual Auto. Ins. Co.* , 264 F.R.D. 266, 274 (E.D. Mich. 2009);  *see, e.g., Black v. M & W Gear Co*., 269 F.3d 1220, 1230 (10th Cir. 2001) (motion *in limine* that was "remarkably cursory, non-specific, and conclusory . . . does not enable the proponent of the evidence to [respond]" and that such non-specific motions "did not account for trial context, the character of the evidence, or the theory upon which" the evidence is being offered). Miller produced nearly **6,000** pages of documents in this case and there are dozens of documents attached to his original and amended complaints.  Walter Decl. ¶ 3. Yet, his Motion fails to identify any document or category of documents subject to the attorney-client privilege that Miller seeks to introduce without objection.  As a result, neither Defendants, nor the Court, is able to properly ascertain from Miller's Motion or his Proposed Order what evidence will be included within the scope of the Court's ruling.  *See*, Dkt. No. 238-1.  Since it is unclear what evidence is involved in this Motion, it should be denied. *Feezor v. Golden Bear Rest. Grp., Inc*., 2012 WL 2873353, at *1 (E.D. Cal. 2012); *Nat'l Union Fire, supra,* 937 F.Supp. at 287 (denying motion *in limine* that "lacks the necessary specificity with respect to the evidence to be excluded or the purported reason for the introduction

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

of such evidence" and holding that such motion is "too sweeping in scope to be decided *in limine*'); *In re Homestore.com, supra,* 2011 WL 291176, at *2 (motions *in limine* that are "over-broad and vague" are "inappropriate for review at the motion *in limine* stage"); *Colton Crane Co., supra,* 2010 WL 2035800, at *1 ("motions *in limine* must identify the evidence at issue"); *Gen. Elec. Co., supra,* 2012 WL 5398407, at *4 (denying motion *in limine* that discusses evidence "in purely conceptual, abstract terms" and did not identify "specific evidence that is at issue"); *Sclafani, supra,* 2013 WL 2477077, at *4 (denying motion *in limine* where party failed to identify "specific items of evidence").

### III.   MILLER'S WAIVER ARGUMENT IS WITHOUT MERIT

Where the client is an entity, the attorney-client privilege belongs to and may be waived only by the entity and not individual employees. *Weil, supra,* 647 F.2d at 23; *United States v. International Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, AFL-CIO*, 119 F. 3d 210, 215 (2nd Cir. 1997); *In re Oracle Sec. Litig.*, 2005 WL 6768164, at *4 (N.D. Cal. 2005) *citing to United States v. Salsedo*, 607 F.2d 318, 320 (9th Cir. 1979). Privileged communications that occur during the period of employment do not lose their protection when the employee leaves the client entity. *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F. 2d 1355, 1361, fn. 7 (9th Cir. 1981) ("the attorney-client privilege is served by the certainty that conversations between the attorney and client will remain privileged after the employee leaves.") The attorney-client privilege is absolute, and evidence protected by the privilege may not be ordered disclosed regardless of its relevance. *See, Diversified Industries, Inc. v. Meredith,* 572 F. 2d 596, 602 (8th Cir. 1977).

Without citing any legal authority or factual support, Miller argues that Defendants have somehow waived the attorney-client privilege with respect to the thousands of documents he apparently took from the City during his employment

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

and has subsequently produced back to the City during the course of this litigation. He claims that Defendants failed to object to these documents and have "used many of those documents throughout this litigation." Dkt. 238 at 4. Miller's contentions are meritless. As the Ninth Circuit explained, the "doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness" and the focal point of privilege waiver analysis is the "holder's disclosure of privileged communications to someone outside the attorney-client relationship[.]" *Quiksilver, supra*, 247 F.R.D. at 584, quoting *Tennenbaum, supra,* 77 F.3d at 341; *see also In re Pac Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012) (involuntary disclosures do not waive the attorney-client privilege); *McCafferty's, Inc. v. The Bank of Glen Burnie*, 179 F.R.D. 163, 169-170 (D. Md. 1998) (memorandum sent by attorney to corporate employee was not inadvertently waived when employee tore up the memo and threw it in the trash can from which it was retrieved by a private investigator).

Here, Miller has not identified any instance in which either the City or any of the individual Defendants purposely or inadvertently disclosed privileged documents to anyone outside the attorney-client relationship. As discussed above, the attorney-client privileged documents at issue were taken by Miller and produced back to Defendants during the course of the litigation of this case. Whenever appropriate, Defendants have asserted the attorney-client privilege when Miller attempted to use those documents in depostions, and discovery motions in this case have established the legitimacy of Defendants' assertion of the privilege. *See*, Dkt. No. 148. Further, as Miller is aware, during the discovery phase of this case, Defendants expended significant time, effort and resources reviewing thousands of documents for privilege, redacting those documents when appropriate, and completing privilege logs. Walter Decl. ¶ 2. Defendants have also asserted the privilege with respect to documents produced by Miller, including those he has

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1

improperly attempted to use during depositions. *Id.*, ¶ 3. Defendants' attorney-client privilege objections to these documents are also clearly stated on the record of many depositions. *Id.*, ¶¶ 3-7, Exhs. A-D. In short, Defendants' conduct demonstrates significant effort to maintain the attorney-client privilege.

Finally, issues relating to Defendants' alleged waiver of the attorney-client privilege were briefed extensively in connection with Plaintiff's motion to compel and were resolved in favor of Defendants upholding the attorney-client privilege and finding no purported waiver. Specifically, Plaintiff made similar arguments regarding implied waiver in connection with a 152 page motion to compel he filed in March 2015. Dkt. No. 128. In his motion to compel, Plaintiff argued that Gregg Kettles, Deputy Counsel to Mayor Villaraigosa, destroyed the attorney-client privilege when he took documents outside of the City and stored them on his home computer. However, this Court rejected this argument. Dkt. No. 148 at pages 1, 4. Similarly, here, Plaintiff appears to believe that the City has somehow waived the attorney-client privilege in connection with documents he took away from the City. The law does not dictate such a result. Under Plaintiff's theory, any employee who takes attorney-client privilege documents away from the employer, without the employer's knowledge, results in an automatic waiver of the privilege. The law of waiver of the attorney-client privilege does not operate in such an absurd prejudicial fashion. (*Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996) ("The doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4260771.3 LO160-045

6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1

## IV. **CONCLUSION**

For these reasons, Defendants respectfully request that the Court deny Miller's Motion *in Limine* No. 1.

Dated: September 4, 2015                    LIEBERT CASSIDY WHITMORE

By:  */s/ Brian P. Walter*
     Brian P. Walter
     Elizabeth T. Arce
     Hengameh S. Safaei
     Alison R. Kalinski
     Attorney for Defendants
     CITY OF LOS ANGELES, et al.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4260771.3 LO160-045

7